91 519
f115 64

91 519
s52NW 18
e132 478
f132 479

EDWARD C. VAN HUSAN v. JOHN A. HEAMES, REGIS-
TER OF DEEDS OF WAYNE COUNTY, AND THE
BOARD OF PUBLIC WORKS OF THE
CITY OF DETROIT.

*Municipal corporations—Plats—Approval by board of public works.*

Section 304 of the charter of the city of Detroit, which provides
for the preparation by the board of public works of a general
plan of laying out into streets and alleys unplatted land, and
for indorsing the approval by the board on all plats of such
streets and alleys, does not confer upon the board power to
compel a land-owner to dedicate his land to the public use,
nor to prevent his platting it, so long as the proposed plat
does not interfere with the general plan of the streets.

*Mandamus.* Argued May 3, 1892.  Granted May 11,
1892.

Relator applied for *mandamus* to compel the register
of deeds to record a plat without the approval of the
board of public works of the city of Detroit, or to com-
pel such approval, if necessary. The facts are stated in
the opinion.

*Wells, Angell, Boynton & McMillan,* for relator.

*John J. Speed,* for respondents.

PER CURIAM. This is an application for the writ of
*mandamus* to compel the register of deeds to record a
plat without the approval of the board, or; if the
approval of the board be necessary, to compel such
approval.

The land platted lies between lines which would con-
stitute the southerly line of Kirby street and the north-

erly line of Frederick street were said streets extended. The land is platted into 20 lots, 10 of which front on Mitchell avenue, and 10 on McDougall avenue, with an alley of the required width extending through the center of the land platted, which alley would open into Kirby and Frederick streets if they were extended. Petitioner is also the owner of the land adjoining, and which would extend to the center line of these streets if extended. The board refuse to approve the plat without a dedication by him to the public use of the said pieces of land for these streets. The board claim this right by virtue of section 304 of the city charter (Act No. 268, § 4; Local Acts of 1883), which reads as follows:[1]

"The board of public works shall prepare, as soon as may be, a general plan of laying out into streets and alleys all such portions of the territory now or hereafter lying within the corporate limits of the city as shall not already be laid out, approved, and platted at the time of the taking effect of this act, or without the city limits, and within two miles thereof, when directed by the common council, and may enter upon land for that purpose. If approved, they shall indorse their approval on all plats of such streets and alleys, and no private plan shall be allowed or permitted which does not conform thereto, and no plat shall hereafter be recorded, or be of any validity, unless before such record the approval of said board shall be duly indorsed thereon. Before accepting and approving any such plat, the said board of public works shall require that there be filed in their office a certificate from the proper authorities, showing that all back taxes on property included in said plat shall have been paid in full. Said board shall not have power to change such plats when once approved and adopted by them, unless authorized so to do by a resolution of the council, passed by a three-fourths vote of the members elect: *Provided*, that all streets and alleys shall be laid out so as to conform as nearly as may be to the lines of streets and alleys now opened."

This section does not confer upon the board the power

---

[1] Compilation of 1886.

to compel a land-owner to dedicate his land to the public use, nor to prevent his platting it, so long as the proposed plat does not interfere with the general plan for streets. The power conferred goes no further than to prevent land-owners from laying out streets contrary to the general plan. If the city desires private property for the public use it must proceed to condemn it and pay for it.

This plat does not interfere with the general plan established for streets. Petitioner has the right to fix the size of his lots, and to locate the alley. *Campau v. Board of Public Works,* 86 Mich. 372.

The writ must issue, directing the approval and record of the plat.

McGRATH, J., did not sit.