### OWEN *v.* MORELAND.

PLATS—DEDICATION OF STREETS—AUTHORITY OF COMMISSIONER OF PUBLIC WORKS.

The commissioner of public works of Detroit cannot compel the owner of land, desiring to plat it, to dedicate and include in the plat the land that, according to the general plan of the city, would be within the limits of its streets when extended.

*Certiorari* to Wayne; Donovan, J.   Submitted January 6, 1903.   (Calendar No. 19,710.)   Decided March 23, 1903.

*Mandamus* by La Fayette Owen and others to compel De Witt H. Moreland, commissioner of public works of the city of Detroit, to approve a plat of certain lands. From an order denying the writ, relators bring *certiorari*. Reversed.

*Walker & Spalding*, for relators.

*P. J. M. Hally* and *A. B. Hall* (*Timothy E. Tarsney*, of counsel), for respondent.

PER CURIAM.   Relators, owning property on both sides of Kercheval avenue in the city of Detroit, between Van Dyke and Maxwell avenues, asked respondent to approve their plat of the same.   According to the plan of the city, Parker avenue, when opened, will pass through relators' subdivision, and a strip of land owned by relators, lying immediately east of the proposed plat, is within the limits of another unopened street.   Relators did not dedicate to the public, nor did they plat, the land lying within the limits of these proposed streets.   Said land is marked on their plat, "Not included in plat."   Respondent refused to approve relators' plat, because they did not dedicate the above-described land to the public.   Relators applied to the circuit court for the county of Wayne for a *mandamus* to compel respondent to approve their plat.   Their application was denied, and the matter is before us for review.

The law governing this matter is contained in the charter of the city of Detroit, and may be found in the opinion in *Van Husan* v. *Heames*, 91 Mich. 519 (52 N. W. 18).   In that case it was held that a landowner might plat from the line of one street to the line of another, without dedicating to the public the property owned by him within the lines of the streets.   In the case of *Serviss* v. *Board of Public Works*, 115 Mich. 63 (72 N. W. 1117),

this court held that a landowner could not plat the property within the limits of a proposed street. The relators contend that their case is governed by *Van Husan* v. *Heames*. Respondent contends that it is governed by *Serviss* v. *Board of Public Works*. We think it is clearly governed by the former case, which holds that a landowner may plat to the limit of a proposed street without being compelled to dedicate the land within those limits. It is a mistake to suppose that the commissioner of public works is under an obligation so to use his power of approval as to compel owners to dedicate, for the purpose of a proposed street, land which they do not plat. It is not surprising that the legislature has indicated no intent to impose such an obligation, while the value of the property dedicated is not taken into consideration when the dedicating owner is assessed for opening the proposed street through the land of his neighbor.

The order of the court below will be reversed, and a *mandamus* granted.