W. E. GILTNER, Appellant, v. THE CITY COUNCIL OF THE CITY OF ALBIA, IOWA, ET AL.

**Municipal corporations:** ADDITIONS: PLATS: APPROVAL BY COUNCIL. The proprietor of a town plat may subdivide the same into blocks, and when so platted in conformity with the statutes he is entitled to have the plat approved by the city council, and the council has no authority to withhold its approval because alleys are not laid out and dedicated through blocks which are not subdivided into lots.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

MONDAY, OCTOBER 23, 1905.

THE plaintiff presented a plat, designated as " Giltner's Second Addition to Albia, Iowa," to the council of that city for approval. This being refused, action in mandamus was instituted to compel such approval and certification thereof by the mayor and clerk. The petition was dismissed, and plaintiff appeals.— *Reversed.*

*N. E. Kendall* and *W. E. Giltner,* for appellant.

*I. H. Tomlinson,* for appellees.

LADD, J.— Plaintiff was owner of a tract of land in the city of Albia at its eastern boundary, and caused it to be

surveyed and platted in six suburban lots, designated
"blocks"; each conforming in size with other blocks of the
city.   Between and on the sides of these lots were streets
corresponding with others of the city, but there were no sub-
divisions into ordinary lots, and there were no alleys.   Save
in these respects, it is conceded that the plat complied with
the requirements of the statute.   Upon the presentation to
the city council for approval that body withheld the same
until "alleys are platted through said blocks and dedicated
to the public to conform to the blocks, lots, and alleys of
the said city of Albia."   Plaintiff had already sold three
blocks, and each of two purchasers was residing upon and
occupying the entire block, while two others resided upon
and occupied one-half block each.   These facts were stipu-
lated, and also that "the right of the writ of mandamus to
be issued as prayed for by plaintiff is conceded by defendant,
provided plaintiff has complied with all the requirements
of the law relative to said plat on his part; and this cause
is submitted to the court on the single proposition, to wit:
Has the said council the right to refuse and withhold its
approval of said plat for the sole reason that one alley six-
teen and one-half feet in width and extending from the east
to the west side, or one alley sixteen and one-half feet in
width and extending from the north to the south side of each
and every block and located in the center thereof, is not sur-
veyed, platted, and dedicated to the public therein?"

The only question raised, then, is whether the council
had the right to insist upon the dedication of an alley
through each block as a condition precedent to its approval
of the plat, which was essential to the recording thereof.
Section 915 of the Code.   But, to entitle the proprietor to
such approval, it is only necessary that such plat comply
with the provisions of the statutes.   The city council can
consider it for no purpose other than to determine whether
it is in conformity therewith.   This appears from the last
part of section 916 of the Code:   "All plats of such ad-

ditions or subdivisions, except subdivisions of less than one block, before being recorded, shall be filed with the clerk of such city or town, and when so filed the council, within a reasonable time, shall consider the same, and, if it is found that such plat conforms to the provisions hereof, the council shall direct the mayor and clerk to certify its resolution of approval, which shall be affixed to the said plat before it shall be received for record by the county recorder."

The matter of the acceptance of the streets and alleys by the city is not involved in this resolution. Another section of the Code provides that to accomplish this the dedication " shall be accepted and confirmed by an ordinance or resolution specially passed for that purpose." Section 751, Code. We have, then, the one question submitted for determination: Did the plat presented to the council for its approval conform to the statutory requirements of the Code? Every original proprietor of any tract or parcel of land, who has subdivided, or shall hereafter subdivide the same into three or more parts, for the purpose of laying out a town or city, or addition thereto, or part thereof, or suburban lots, shall cause a plat of such subdivisions, with references to known or permanent monuments, to be made, giving the bearing and distance from some corner of a lot or block in said town or city to some corner of the congressional division of which said town, city, or addition is a part, which shall accurately describe all the subdivisions thereof, numbering the same by progressive numbers, giving their dimensions by length and breadth, and the breadth and courses of all the streets and alleys established therein. Description of lots or parcels of land in such subdivisions according to the number and designation thereof on said plat in conveyances or for the purposes of taxation shall be valid.

It will be observed that the owner in a situation like that of plaintiff is required to plat, but the dimensions of the subdivisions are not indicated, and the right to divide into suburban lots is expressly recognized. The fore part of .

section 916 reads: " All plats of additions to any city or town, or subdivisions of any part or parcels of land lying within or adjacent to any city or town, shall be divided by streets into blocks, with alleys separating abutting lots, and such blocks, streets and alleys shall conform as nearly as may to the size of blocks and the width of streets and alleys in such city or town, and such streets and alleys shall be extensions of the existing system of streets and alleys thereof." This does not exact the dedication of alleys through blocks which are not subdivided. Only those " separating abutting lots " are contemplated, and " such alleys " are to conform to others in the city. Had the blocks been divided into lots, the dedication of alleys might have been insisted upon, but this was not done, and the division into parcels smaller than blocks is nowhere required. This construction of the statute harmonizes with section 922 authorizing the auditor to plat upon failure of the owner so to do upon demand. We think the plat conformed to the requirements of law, and the council should have approved it.— *Reversed.*