TUTTLE BROS. & BRUCE v. CITY OF CEDAR RAPIDS, IOWA, et al.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1910.)

No. 3,117.

(Syllabus by the Court.)

1. CONTRACTS (§§ 75, 103*)—CONSIDERATION—PERFORMANCE OF LEGAL OBLIGA-
TION—CONTRAVENTION OF LAW.

A city had express power to approve and certify plats and to accept the
dedication of, and to improve and repair, streets. It was its duty to ap-
prove and certify the plaintiffs' plat of a certain addition without com-
pensation, but it declined to do so. Thereupon it covenanted to approve
and certify the plat, and to accept the dedication of and to grade the
streets and alleys shown thereon, in consideration of the undertaking
of the plaintiffs to pay it $2,250.

Held: (1) The city had power to make all the covenants contained in
this agreement, and the contract was valid, although the covenant to
approve and certify the plat was valueless, because it was its duty to do
those acts.

(2) While the refusal of the city to certify and approve the plat without
compensation was a clear breach of its duty, there was nothing violative
of any moral or civil law, or of any rule of public policy, in its contract
to discharge that duty, and to perform other acts which it was not re-
quired to do, in consideration of the plaintiffs' promise to pay the $2,250.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 273, 468; Dec.
Dig. §§ 75, 103.*]

2. MUNICIPAL CORPORATIONS (§§ 226, 265*)—"GOVERNMENTAL" AND "BUSI-
NESS" POWERS—POWER TO ACCEPT AND GRADE STREETS IS A BUSINESS
POWER.

Municipal corporations have two classes of powers—the one "govern-
mental," in the exercise of which their officers may not bind the mu-
nicipality beyond their terms of office; the other "business," or proprie-
tary, in the exercise of which they are governed by the same rules as
individuals or private corporations. A city exercises its business and not
its governmental power in making a contract to accept the dedication of
and to grade streets and alleys within its limits.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
645, 711; Dec. Dig. §§ 226, 265.*

For other definitions, see Words and Phrases, vol. 4, p. 3140.]

Appeal from the Circuit Court of the United States for the North-
ern District of Iowa.

Bill by H. O. Tuttle and others, partners as Tuttle Bros. & Bruce,
against the City of Cedar Rapids, Iowa, the Cedar Rapids Savings
Bank, and J. M. Dinwiddie. Decree for defendants, and complainants
appeal. Affirmed.

John N. Hughes (John A. Reed, on the brief), for appellants.
John M. Redmond and John D. Stewart, for appellees.

Before SANBORN, Circuit Judge, and RINER and WILLIAM H.
MUNGER, District Judges.

SANBORN, Circuit Judge. This is an appeal from a decree which
sustained a demurrer to and dismissed the bill exhibited by H. O. Tut-
tle, R. B. Tuttle, and George Q. Bruce, partners as Tuttle Bros. &
Bruce, to avoid a contract between them and the city of Cedar Rapids,

and to enjoin the Cedar Rapids Savings Bank and J. M. Dinwiddie, its cashier, from paying to the city the sum of $2,250, which by the terms of the contract it was entitled to receive from them.   The bill disclosed these material facts: The complainants purchased a tract of land within the limits of the city of Cedar Rapids, platted it into lots, blocks, and streets, filed it with the city recorder, whose duties were those of the clerk of the city, and requested that the plat be considered and approved by the city council, and that the latter direct the mayor and recorder to certify the council's approval thereof, so that the plat could be recorded and lots could be sold according to it.   Under the statutes of Iowa it was the legal duty of the city to approve this plat and to certify its approval to the recorder.   Code Iowa 1897, § 916; Giltner v. City of Albia, 128 Iowa, 658, 105 N. W. 194.   The city council refused to approve and certify the plat, so that it could be recorded, and the complainants brought an action for a mandamus to compel it to do so.   While this action was pending the complainants and the city entered into a written agreement to the effect that the Savings Bank, which was authorized to collect the selling price of the lots in the addition, should pay to the city $2,250 out of the first moneys which it received from such sales that should belong to the complainants, and that the city (1) would approve and certify the plat; (2) would accept the dedication of the streets, avenues, and alleys shown thereon; and (3) would establish grades of these streets, avenues, and alleys; would, within a reasonable time, expend the $2,250 in grading; and would grade at its own expense the streets, avenues, and alleys portrayed by the plat.   When the bill was filed the Savings Bank had collected from the sales of the lots $2,250, which belonged to the complainant, the city had approved and certified the plat, but it had not performed its contract in any other respect.

Counsel for the complainants insist that the contract here in question is voidable, and that its performance should be enjoined, because, as they aver, it was without consideration.   To the answer that one covenant or promise is a lawful consideration for another, and that for the covenant of the complainants to cause the $2,250 to be paid to the city the latter agreed (1) to approve and certify the plat, (2) to accept the dedication of the streets and alleys shown thereon, and (3) to expend the $2,250 in grading and to grade the streets and alleys, they reply that the first covenant of the city provided no consideration for the agreement, because it was the duty of the city to approve and certify the plat without compensation, that it refused to do so until it extorted from the complainants their agreement to pay it this $2,250, and that these acts rendered the entire contract immoral, illegal, and against public policy, and that as to the other covenants of the city it had no lawful authority to make them.   It was undoubtedly the duty of the city to accept and certify the plat, and if its covenant to do so had been the only consideration for the agreement there is no doubt that it would be without consideration and void.   But the city owed the plaintiffs no duty to accept the streets and alleys, to grade them, or to expend the $2,250 in the work of grading them (Code Iowa 1897, § 751); and its covenants to do these things provided ample consideration to sustain the agreement, unless they were ultra vires.

The city had express authority to establish, improve, and repair streets and alleys within its limits. Section 751, supra. Why was not this power ample to warrant it in making the covenants in question? Counsel answer: Because the city had the discretion to accept the dedication of and to grade the streets and alleys, or to refuse to do so, and an agreement so to do deprived it of that discretion, and was, therefore, beyond its powers; and they cite Stewart v. City of Council Bluffs, 50 Iowa, 668, 670, in support of this position, where an agreement of a city to build a ditch was stricken down upon the ground that a city may not deprive itself by such a contract of the future right to exercise this discretion. But that decision does not seem to have been followed or cited in subsequent cases. It is unique, does not commend itself to our judgment, and in the opinion upon which it rests the court conceded that the city had power to make an agreement with the contractor that he should grade one of its streets for it, and that if the city subsequently abandoned the improvement, and thus prevented the performance of the contract, it must respond in damages to the contractor for its breach of the agreement. If a city has power to make a binding contract, solvable in damages, that a third party shall grade one of its streets and it will pay him therefor, it is difficult to perceive why it has not equal power to agree to grade such a street itself in consideration of payment therefor by another.

The truth is that a city has two classes of powers—the one legislative or governmental, by which it controls its people as their sovereign; the other proprietary or business, by means of which it acts and contracts for the private advantage of the inhabitants of the city and of the city itself. In the exercise of powers which are strictly governmental or legislative the officers of a city are trustees for the public, and they may make no grant or contract which will bind the municipality beyond the terms of their offices, because they may not lawfully circumscribe the legislative powers of their successors. But in the exercise of the business powers of a city the municipality and its officers are controlled by no such rule, and they may lawfully exercise these powers in the same way, and in their exercise the city will be governed by the same rules, which control a private individual or a business corporation under like circumstances. In contracting to accept the dedication of streets and alleys, to establish their grades, and to grade them, a city is exercising, not its governmental or proprietary, but its business powers. The purpose of such contracts is not to govern the inhabitants of the city, but to secure a private benefit for the city and its people. The grant to this city of the power to accept the dedication of, to improve, and to repair the streets and alleys within its limits gave it plenary power to make the covenants in question in this case, or any other reasonable agreements relating to these subjects. Illinois Trust & Savings Bank v. City of Arkansas City, 76 Fed. 271, 281, 282, 22 C. C. A. 171, 181, 182, 34 L. R. A. 518, and cases there cited; Omaha Water Company v. City of Omaha, 147 Fed. 1, 5, 77 C. C. A. 267, 271, 12 L. R. A. (N. S.) 736; Pike's Peak Power Co. v. City of Colorado Springs, 105 Fed. 1, 11, 44 C. C. A. 333, 343. .

There was nothing evil in itself or against public policy in the agreement. Concede that the city's refusal to approve and certify the plat

was a breach of its duty. Nevertheless its agreement to discharge that duty, and to do other acts which it was empowered, but was not required by the law, to perform, was not violative of any public policy or of any moral or civil law.

The result is that by the contract in hand the city gave three covenants, one of which was valueless and two of which were legal and valuable, for the plaintiffs' promise that the $2,250 should be paid to the city; the plaintiffs were not induced to make this agreement by fraud, mistake, or accident; they knew it was the duty of the city to accept and certify the plat without compensation when they signed the contract; the covenants to accept and grade the streets and alleys constituted ample consideration for the plaintiffs' undertaking; and there is no equitable ground upon which a decree to avoid this contract or to enjoin its performance can lawfully stand.

The decree which dismissed the bill must accordingly be affirmed, and it is so ordered.