## The People of the State of Illinois ex rel. Nancy S. Tilden, Appellant, v. J. J. Massieon, Mayor, and City Council of Peru, Illinois, Appellees.

### Gen. No. 6,085.

1. DEDICATION, § 25*—*how statutes relative to platting of land and recording of plat construed.* Statutory requirements as to the manner of platting land and as to the necessity of recording the plat are not intended to abridge the right of an owner of land to subdivide it and make a plat thereof, but rather to avoid confusion and establish some rule of uniformity.

2. DEDICATION, § 25*—*when approval of proffered plat wrongfully refused by municipality.* Municipalities may make reasonable regulations respecting the platting of land, but they cannot, by failing to make regulations, put themselves in a position to refuse to approve a proffered plat when the statutory provisions have been complied with and the plat appears to conform to ordinary custom and usage.

3. DEDICATION, § 17*—*what does not constitute acceptance of offer of dedication of streets and alleys.* A city by approving a plat as required by statute does not accept the offer of the dedication of the street and alleys thereon, but the proper local authorities may take them in charge and improve them for public use when they deem fit.

4. MANDAMUS, § 37*—*when statutory approval of proffered plat enforced.* The statutory approval of a proffered plat by municipal authorities is a ministerial act, and enforceable by mandamus.

5. DEDICATION, § 26*—*when petition to compel approval of proffered plat shows compliance with statutory requirements in making plat.* On mandamus to compel municipal authorities to approve a proffered plat, *held* that a petition to which a copy of the plat made in the customary way was attached sufficiently showed fulfilment of statutory requirements in making of the plat.

6. DEDICATION, § 29*—*when plat of land may not be recorded.* An owner of land in a city cannot make and record a plat of his land without the approval of the city authorities.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915. Rehearing allowed and additional opinion filed May 24, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HOBERG & HOBERG and McDOUGALL & CHAPMAN, for appellant.

CHARLES W. HELMIG, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

A petition in the name of the People of the State of Illinois, on relation of Nancy S. Tilden, for a writ of mandamus to compel the mayor and city council of the City of Peru to approve a certain plat of an addition to said city made by the relator was filed in the Circuit Court. The defendant appeared and the mayor and city council each filed a general demurrer to the petition. The demurers were sustained by the court, and the petitioner, abiding by the petition, final judgment was entered thereon, and she brings the case here by appeal.

The petition for the writ, after entitling the cause is as follows: The petitioner, the People of the State of Illinois, on relation of Nancy S. Tilden, of the City of Chicago, in the County of Cook, and State of Illinois, by Hoberg & Hoberg and McDougall & Chapman, its attorneys, complaining shows that long prior to the 9th day of January, A. D. 1914, the City of Peru, Illinois, was organized under, and now is, and for more than five years last past has been organized under the general laws of the State of Illinois for the incorporation of cities and villages; that by article X, section 5, of chapter 24, of the Revised Statutes of the State of Illinois (J. & A. ¶ 1504), it is provided that: "The city council or board of trustees shall have power to provide, by ordinance, that any map, plat, or subdivision of any block, lot, sub-lot, or part thereof, or of any piece or parcel of land, shall be submitted to the city council or board of trustees, or to some officer to be designated by such council or board

of trustees, for their or his approval; and in such cases no such map, plat or subdivision shall be entitled to record in the proper county, or have any validity until it shall have been so approved''; but that said City of Peru and said city council have never passed any ordinance in accordance with the authority conferred upon said city council by said statute.

Your petitioner further shows that she, the said Nancy S. Tilden, is, and for more than one year last past has been, the owner of the following described real estate, in the said City of Peru, to wit: (particularly describing same), ''excepting the coal underlying the surface thereof and the right to mine and remove the same without entering upon or occupying the surface thereof; that said real estate has been within the corporate limits of said City of Peru for many years, and during said time the said Nancy S. Tilden has paid taxes thereon for the benefit of the said City of Peru; that the said Nancy S. Tilden caused the said real estate to be platted into lots, blocks, streets and alleys as an addition adjoining the platted part of said City of Peru, to be called Tilden's Addition to the City of Peru; that in every particular the said plat conforms to all of the provisions of the statutes of the State of Illinois in such case made and provided, and does not in any respect conflict with any of the provisions of any of the ordinances of the said City of Peru; that said relator, on, to wit, the 9th day of January, 1914, presented said plat to the city council of the said City of Peru for approval, and then and there demanded of said city council that it approve said plat, a copy of which plat is hereto attached and marked 'Exhibit A,' and made a part of this petition; that said city council on the 12th day of January, 1914, at a regular meeting of said city council then and there held, referred said petition and said plat to the committee on local improvements

of said city; that said committee on local improvements has presented no report to said city council thereon, and, as your petitioner is informed and believes, and so states the fact to be, said committee will not present any report thereon, but will retain the same for the purpose of aiding the said city council in refusing to approve said plat; that the said city council has refused and still does refuse to approve said plat or to pass thereon, and your petitioner states the fact to be that the said city council will continue to refuse to approve said plat, or to pass thereon, unless compelled so to do by the writ of mandamus of this court; to the great injury and damage of the relator.

''Wherefore the petitioner prays that a writ of mandamus, directed to said mayor and city council, may be issued in due form, commanding said city council forthwith to pass a proper ordinance, in due form, approving said plat and that such further order may be made in the premises as justice may require, etc.''

The petition is signed and verified, and a copy of the plat is attached thereto. No question is here raised as to the signing and verification, and presenting the copy of the plat as an exhibit.

The statutory provisions eliminating words and clauses not especially applicable to the questions presented are as follows: It is provided in an act entitled ''Plats,'' chapter 109, Revised Statutes (J. & A. ¶ 8517 et seq.):

Section 1. That if the owner of lands wishes to subdivide the same into two or more parts for the purpose of making an addition to a city, he shall cause a survey and plat to be made in the manner there prescribed.

Section 2. The plat, so made, shall be recorded in the recorder's office of the county, after being acknowledged and certified, as there provided.

Section 3. The effect of such acknowledgment and recording of the plat is to convey to the city such portions of the plat as are marked or noted thereon as streets or alleys, and such portions shall be held in the corporate name thereof in trust and for the uses and purposes set forth or intended.

Section 5. Makes it a penal offense to sell, offer for sale or to lease for any term exceeding five years, any lot or block in any city or addition thereto without complying with all the provisions of the act.

By Section 13, chapter 115, Revised Statutes (J. & A. ¶ 9110), in the act entitled "Recorders," it is made a penal offense for any recorder to record any plat of land situated in a city until the same shall have been approved by the legislative authority of the city in which such land is situated, or by some city, town or village officer for that purpose to be designated by resolution or ordinance of said legislative authority.

In the act entitled "Cities, Villages and Towns," chapter 24, article X, sec. 5 (J. & A. ¶ 1504) reads as follows: "The city council or board of trustees shall have power to provide, by ordinance, that any map, plat, or subdivision of any block, lot, sub-lot, or part thereof, or of any piece or parcel of land, shall be submitted to the city council or board of trustees, or to some officer to be designated by such council or board of trustees, for their or his approval; and in such cases no such map, plat or subdivision shall be entitled to record in the proper county, or have any validity until it shall have been so approved."

If the petition for the writ shows compliance by the relator with all the statutory provisions in relation to the plat, the question presented here has been decided by the Appellate Court of the Fourth District in *People v. Board Trustees of Village of Mounds*, 122 Ill. App. 449, except in that case the municipal authorities had passed a general ordinance providing for the sub-

mission of such plats to the village board and prescribed the manner of its action thereon, while here no such ordinance has been passed by appellee. A general demurrer to the petition in that case was sustained by the trial court, and judgment entered against the relator which was reversed on the ground that it was not a matter of discretion of municipal authorities to grant or withhold approval of a plat prepared and presented in compliance with statutory provisions. The court said: ''Surely it was never intended by the Legislature to clothe a village board or village officer with power to annul chapter 109 in its application to the platting of land within the corporate limits. If that were so intended we should look for a different order in the proceedings prescribed by the statute and expect the first requirement to be the authority, consent or approval of the village board. Within the language of the statute it is the plat and nothing more that is to be submitted for approval. The land belonged to the relator. His right to subdivide and plat it is a substantial right sanctioned and regulated by chapter 109, but it was given to the village board to see that the plat was made in compliance with the statute and in conformity with any reasonable regulations or requirements by ordinance respecting the size of the blocks and lots, the direction and width of the streets and alleys, or other detail of the survey. In our opinion this is the extent to which discretion was given the board.''

We are referred to no other Illinois case construing these statutes on the questions here presented, and know of none. The conclusion reached by that court seems to us correct and its reasoning sound. We see nothing in the fact that in one case the municipality had passed a general ordinance on the subject, and in the other it had not, that should control the decision.

It is a matter of common observation and common

knowledge, especially in this country of rapidly growing and expanding cities and villages, that lands situated therein are required by both seller and purchaser to be platted so that they can be bought and sold by description referring to plats, and it is also convenient for governmental purposes of general and special taxation that they be so platted. The right of the owner to subdivide his lands and make a plat thereof that is legally recognized, is a valuable right, and one that is generally recognized and protected by the courts. Statutory requirements as to the manner of platting and the necessity of recording the plat are not intended to abridge this right, but rather to avoid confusion and establish some rule of uniformity in its exercise. When our legislature delegated to municipal corporations the power to further supervise the platting of lands within their boundaries, it cannot be understood to intend that those authorities could, at will, prevent any landholder from making plats and sales thereunder of his land. Very likely, as suggested in *People v. Board Trustees of Village of Mounds, supra,* municipalities may make reasonable regulations respecting the platting, which must be observed, but we do not think they can, by failing to make any regulation in that respect, put themselves in a position to refuse to approve a plat proffered when the statutory provisions have been complied with, and the plat appears, as does this one, to conform to ordinary customs and usages in such matters.

Appellee is of the opinion that the city by approving the plat accepts the streets and alleys marked thereon and is compelled to put them in condition for travel, and urges in that view of the case there is great reason for permitting a municipality discretion in approving a plat. The same ground was taken by counsel in *People v. Board Trustees of Village of Mounds, supra,* and the position was there correctly held untenable.

We do not understand that the approval of the plat by the city operates as an acceptance of the offer to donate the streets and alleys therein named, to the city. We are of the opinion that the rights and privileges of the city are the same regarding the acceptance of the streets and alleys offered by the plat, after the plat is approved as required by the statute, that they would be had the statute not required approval of the plat by the municipality. It is said in Elliot on Roads and Streets (2nd Ed.), sec. 118, that the dedicator "leaves the streets to be opened by the proper local authorities at such a time as the public interest may require, and of this the local authorities are the judges. It is for them to determine when the public interests demand that the ways as laid out on the plat shall be taken in charge and improved for public use." This text of Elliott's is cited and its doctrine approved in *Village of Lee v. Harris,* 206 Ill. 428.

There was a provision in the charter of the City of Detroit requiring the board of public works to approve plats without which approval the plat was invalid. The Supreme Court of Michigan had the question of the duty of the municipal officers under that provision before it in three cases, and reached conclusions in accordance with our construction of our statutes above expressed, and held mandamus would lie to compel approval. (*Campau v. Board of Public Works,* 86 Mich. 372; *Van Husan v. Heames,* 91 Mich 519; *Owen v. Moreland,* 132 Mich. 477.) To the same effect is also, *State v. Chase,* 42 Mo. App. 343, and in that case on the question whether mandamus is the proper remedy, the court said: "The plaintiff having done on his part all the law demands, the approval of the plat by defendants is merely a ministerial duty required of them, the performance of which may be compelled by mandamus." We have no doubt that the act of appellee in approving the plat is ministerial—not

judicial in its nature. In many cases where a ministerial act is required to be performed by public officers, they must determine preliminary facts that involve the exercise of judgment on their part in order to determine whether a stated case exists calling upon them to act, but this does not render the act judicial. *Town of Somonauk v. People,* 178 Ill. 631.

Appellee says that the petition does not sufficiently show that the requirements of the statute were complied with in making the plat. A copy of the plat is made a part of the petition, and appellee argues the case on the theory that it is a part of the petition to be considered by us, therefore it is not necessary that the body of the petition should state facts that are shown by an examination of the plat. That being conceded, there is no objection, as we understand appellee, except that the figures indicating the width of the streets do not show whether feet, rods or inches are meant. The plat is drawn to scale, as shown by its certificate, and there is no difficulty in determining that the figures indicate feet. It is the usual way of preparing plats. We see nothing in that objection.

The provision in the Cities and Villages Act, requiring approval of the plat by the municipal authorities, closes with a provision that the plat shall not be entitled to record or have any validity until it shall have been approved "in such cases," that is, in cases where the city has provided by ordinance for submission of the plat, and appellee calls our attention to that feature of the statute and suggests that the plat might be recorded in this case because the city had not made any provision for submission. There would be room for this contention but for the imperative provision in the Recorders Act that the plat shall not be recorded until it has been approved by the legislative authority of the city. With that provision in view, it seems clear that an owner cannot make and record

a plat of his land without the approval of the city authorities.

We are of the opinion that the trial court erred in sustaining the demurrer. The judgment is therefore reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer.

*Reversed and remanded with directions.*

ON REHEARING.

PER CURIAM. After this case had been considered and decided in this court the Legislature amended section 62 of the Revenue Act (J. & A. ¶ 9280) on June 29, 1915, so as to forbid a city, town or village officer to approve a new subdivision of any tract of land unless all redeemable sales for unpaid taxes or special assessments have been redeemed and all forfeited taxes or special assessments have been paid, and unless a statement from the county clerk is indorsed upon the proposed plat of the new subdivision that the county clerk' finds no reasonable tax sales or unpaid forfeited taxes against any of the real estate included in such plat.

We granted a rehearing to consider what effect this subsequent statute should have upon our decision. It is contended in reply to the petition for rehearing that this statute is invalid, and if not invalid does not apply to this case. We conclude that as the judgment rendered in the court below was erroneous when entered, it should be reversed and the cause remanded to the court below, and that the record now before us does not give us authority to pass upon any question as to the validity or applicability or effect of said new statute, but that counsel should be left to take such steps in the trial court as they may deem proper.

We therefore readopt and refile our former opinion but vacate the directions therein given and simply reverse the judgment and remand the cause.

*Reversed and remanded.*