DAVID D. CARTER, Trustee, et al., Appellees, v. CITY COUNCIL OF CITY OF COUNCIL BLUFFS et al., Appellants.

**MUNICIPAL CORPORATIONS:** Additions—Statutory Plats—
1 **Council May not Refuse to Approve.** A city council has no discretion in the matter of approving a plat of an addition to the city, when such plat is in full compliance with the law. Secs. 914 to 916, Code, 1897. So held where the council demanded, as a condition to its approval, that the owner safeguard the city

by bond against expenditures which it might be compelled to make in the way of grading streets, etc.

**STATUTES:** Construction—Courts May not Add Conditions. Principle recognized that, when the statute makes specific enumeration of the conditions governing a subject matter, the courts may not impose additional conditions.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

TUESDAY, JUNE 19, 1917.

ACTION in equity for a writ of mandamus, in which action it is sought that the defendants, the duly elected, qualified and acting aldermen of the said city, be ordered and commanded to approve a plat, in the manner provided by Section 916 of the Code, 1897.—*Affirmed.*

*L. W. Schneider,* City Solicitor, for appellants.

*Mayne & Green,* for appellees.

SALINGER, J.—I. The question for our determination arises upon a ruling of the trial court overruling a demurrer to plaintiffs' petition. Review must, therefore, be confined to the legal effect of such allegations in the petition as the demurrer admits. What is thus admitted is that the plaintiffs are the unqualified owners in fee simple of described real estate situated in Council Bluffs, Iowa; that, prior to April 13, 1914, they caused said property to be laid off and platted as an addition to said city; that said plat was prepared and certified in all matters as provided by the laws of the state; that it was acknowledged and dedicated in the manner provided by law; that, on or about April 13, 1914, same was filed with the city clerk of said city; that, at a meeting of said council, the plat was presented to it for their approval, in manner provided in Section 916 of the Code of 1897, and re-

1. MUNICIPAL CORPORATIONS: additions: statutory plats: council may not refuse to approve.

quest made that same be approved in manner as provided by law; that thereafter, the council took the plat under consideration and referred it to the city engineer for estimate on the cost of grading of the property covered by the plat; that, upon the matter's being again presented to the council, with request that the plat be approved, the council refused to approve unless the plaintiff would give a bond sufficient to cover the cost and expense of grading said property.

II. The parties, of course, agree upon, and it was needless for appellant to cite either statute or case law in support of, the proposition that the writ of mandamus may not control discretion in acting. The sole question is whether the council might, in its discretion, as a condition precedent to approving the plat, make the requirement it did make.

As we apprehend it, the position of the appellant is that, when the plat is once duly recorded, title to the streets therein is "thrust" upon the city. It argues that the land covered by the plat is rough and hilly; that, the plat once being approved, there might be necessity for opening streets and alleys in the addition platted; that this would entail an obligation for a large expenditure to so grade the streets and alleys laid out in the plat as to make them available for use by the public; that, within a reasonable time, the owner of the platted land might demand such expenditure, and that the council would be obliged to comply; that, as matter of common knowledge, nearly all new streets and alleys in new additions need some grading, to put them in proper condition to be used by the public; that the owner may sell some of the lots and the purchasers erect houses, and thereupon make demand for such improvement and expenditure, which the city would be compelled to accede to; and, should we affirm, there will be imposed a duty upon the city to expend money to grade the streets and alleys

involved, and the owner of the plat will be freed from the cost of such improvement. The ultimate argument is that, since the city is subject to this peril, therefore it has power to make security against that peril a condition to approval of the plat, and that doing this is a justifiable exercise of discretion. The only support by citation with which the appellant favors us is a reference to *Richardson v. Sioux City*, 136 Iowa 436, at 441. The case holds, at most, no more than that, if a change be made in an established grade, the municipality is liable for damages caused by the change. It is true that a condition may arise where, by forcing the city to pave, it might have to pay for grading streets and alleys in the addition which the plat covers. Code, 1897, Sections 792, 793; *Collins v. City of Iowa Falls*, 146 Iowa 305, at 309.

Appellee relies upon *Giltner v. City of Albia*, 128 Iowa 658, *Campau v. Board*, (Mich.) 49 N. W. 39, and *Van Husan v. Heames*, (Mich.) 52 N. W. 18. Separating argument and matter of inducement from the decision, the *Giltner* case holds, not that there is no discretion to make *any* require-ment as a condition precedent to approving the plat, but that, when the owner has platted in conformity with the statutes, the approval may not be withheld because he has not laid out and dedicated alleys through blocks which he has not subdivided into lots. The case is authority for no more than that, where the proposer of the plat has com-plied with all things exacted by the statutes, he may not be refused approval on the ground aforesaid. In much the same situation is the *Campau* case. There, everything re-quired had been done, unless the one thing on account of which approval was refused, controlled. That was that the relator's plat showed a public alley on his land 20 feet north of a public alley upon a nearby plat, and that, as the alleys in the city were cleaned and cared for at the public expense,

it was undesirable and not for the public interest that an
alley on relator's plat should be permitted. The case, how-
ever, holds that the city is under no legal obligation to as-
sume that burden of cleaning alleys; that the possibility it
will voluntarily assume it affords no legal excuse for declin-
ing to approve the plat; and that the board of public works
has no power to direct where an owner of land shall estab-
lish an alley, and he may establish it where he pleases, so
long as he interferes with no public or private right. In
substance, that is the effect of the holding of the *Van Husan*
case.

If put at its best, the case of appellant
stands, so far, thus: The appellee has com-
plied with all that the statutes exact. But
he has refused to safeguard the city against
expenditures which it may be compelled to make if the
plat be approved. There will be no such possibility if the
plat be not approved. There are no decisions cited that
deny the city the right to demand this particular safeguard.
But of what avail is all this if the legislature has seen fit
to define just what need be done to entitle the plat to ap-
proval, and, in enumerating, has failed to include such
bond as the appellant demanded as something that need be
done? It may be conceded that the council *should* have the
power to make such bond a prerequisite to approval. But
if that power is not given, the legislature is the body that
must give the relief. The sole question, then, is, What has
the legislature done? The answer must be sought and is
found in the statutes. Sections 914 and 915 of the Code
specify most minutely what the platter is to do. The
giving security such as appellant sought to exact is not
specified, and no possible construction can find such a re-
quirement in these statutes. More, Code Section 916 does
some specifying of its own. It requires that:

"All plats of additions   *   *   *   shall be divided by

2. STATUTES: con-
struction:
courts may not
add conditions.

streets into blocks, with alleys separating abutting lots, and such blocks, streets and alleys shall conform as nearly as practicable to the size of blocks and the width of streets and alleys in such city or town, and such streets and alleys shall be extensions of the existing system of streets and alleys thereof."

This does not require what appellant did. The requirements stated are followed by the statement that all subdivisions except those less than one block, "before being recorded, shall be filed with the clerk of such city or town, and when so filed the council, within a reasonable time, shall consider the same, and *if it is found that such plat conforms to the provisions hereof,*" the council shall direct approval. Assume that this requires compliance not only with the provisions of Section 916, but also with those of Sections 914 and 915, and it is still true that appellee has complied with all three, and that, this being true, the council had no discretion as to whether to approve or not. It follows that it could not decline to approve because something not required by law was not done, and that the court ruled rightly in overruling the demurrer of defendants. Its action must be, and is,—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.