# IN THE COURT OF APPEALS OF IOWA

No. 14-0143
Filed January 28, 2015

DANIEL H. FINNEGAN and
JULIE A. FINNEGAN,
        Plaintiffs-Appellants,

vs.

LEE DICKSON and CARL BORRETT,
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Clayton County, John J. Bauercamper, Judge.


        Plaintiffs appeal the district court decision denying their request for a permanent injunction in private condemnation proceedings.  **REVERSED AND REMANDED.**


        D. Flint Drake and Samuel M. Degree of Drake Law Firm, P.C., Dubuque, for appellants.

        Kathleen Neylan of Neylan Law Office, Elkader, for appellees.


        Considered by Vogel, P.J., Miller, S.J., and Mahan, S.J.*

        *Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

The evidence shows defendants do not have an existing route between their property and a public road. Therefore, they could properly proceed with an action pursuant to Iowa Code section 6A.4(2) (2013). Their proposed access route does not meet the statutory requirements of section 6A.4(2)(b), however, because it was not located on a division, subdivision, or forty line and was not along a route established for ten years or more. We reverse the decision of the district court and remand for further proceedings.

**I. Background Facts & Proceedings.**

In 1962 Lee Dickson and Carl Borrett purchased a parcel of land (hereinafter the Dickson property) in rural Clayton County from Roy and Lola Smith. The Dickson property does not have access onto a public road. The nearest road is Yellowstone Road, a county road that runs north and south and is to the west of the Dickson property. Access to Yellowstone Road from the Dickson property is only possible by traversing the property of someone else.

Through the years Dickson and Borrett used the property only occasionally, usually for the removal of logs or hunting. At times they entered their property near the northwest corner by means of a private road on the Smiths' property that connected to Yellowstone Road. At other times they entered their property near the southwest corner and used a farm path through property owned by John and Anita Finnegan, also connecting to Yellowstone Road.

After Roy Smith died in 1991, a gate was placed across the road that ran through the Smith property. The portion of the Smith property that contains the

private road was purchased by James Hankes and Jane Thien (hereinafter the Hankes property), and the private road has been referred to as Hankes Road. Hankes and Thien built a cabin on the property and improved the road to the point where their cabin is situated. The portion of the road between their cabin and the Dickson property has not been maintained. Daniel and Julie Finnegan (Finnegans) purchased the property previously owned by John and Anita Finnegan, including the area where the farm path was located. Dickson and Borrett approached the Finnegans about obtaining an easement across their land but were unsuccessful.

Dickson and Borrett hired a surveyor, Roger Mohn, who drew a map placing a proposed access route to the Dickson property through the Finnegans' property. The proposed access road was placed neither on Hankes Road nor the farm path, but at a point between the two. The proposed access road, which was forty feet wide, bisected one of the Finnegans' farm fields. A construction engineer, Chad Lansing, signed an affidavit stating the proposed road would provide very good access to the Dickson property because it had a relatively flat slope, required minimal tree removal, and would cost less to construct and maintain than if the road was constructed along the boundary line between the Finnegan property and their neighbors to the south. Lansing gave an estimate the proposed access road would cost $5000 to construct.

In February 2013, Dickson and Borrett initiated proceedings seeking to condemn the area shown on the survey map. *See* Iowa Code § 6A.4(2). Based on their application, the chief judge of the judicial district appointed a condemnation commission to appraise damages. *See id.* § 6B.4. The

commission viewed the land and assessed damages to the Finnegans of $9500. No appeal was taken of the appraisement of damages. *See State ex rel. Iowa State Highway Comm'n v. Read*, 228 N.W.2d 199, 203 (Iowa 1975) ("The sole issue for determination in a condemnation appeal is the amount of damages owed by the condemnor by reason of the taking.").

The Finnegans filed an action seeking a permanent injunction of the condemnation proceedings. *See Thompson v. City of Osage*, 421 N.W.2d 529, 531 (Iowa 1988) ("A condemnee may test the initiating action of the condemnor by injunctive action, mandamus, and certiorari."). The Finnegans claimed the proposed access road was not permitted by section 6A.4(2) because it was not adjacent to a division, subdivision, or forty line. They also claimed there was an existing access route from the Dickson property over Hankes Road.

After a hearing, the district court issued a decision on January 13, 2014. The district court found the proposed access road was located on a division line. The court found it was not feasible or practical to place the proposed access road on the forty line because that route was much longer and steeper. The court also determined there was not an adequate alternate route to the Dickson property using Hankes Road because Dickson and Borrett did not have an easement to use that road. The Finnegans now appeal the decision of the district court.

## II. Standard of Review.

An action for injunctive relief is an equitable proceeding, and therefore, our review is de novo. *City of Okoboji v. Parks*, 830 N.W.2d 300, 304 (Iowa 2013). We give weight to the district court's findings of fact, especially when considering the credibility of witnesses, but are not bound by them. *Id.* The party seeking an

injunction has the burden of proof to show by a preponderance of evidence that the condemnor was not authorized under the statute to condemn the property owner's land as a public way. *Owens v. Brownlie*, 610 N.W.2d 860, 866 (Iowa 2000).

This appeal involves not only our de novo review of an action for injunctive relief, however, but also our review of the included or subsumed issue of the district court's interpretation and application of a statute, parts of Iowa Code section 6A.4(2). Our review of the latter is for correction of errors at law. *See, e.g.*, *Kragnes v. City of Des Moines*, 810 N.W.2d 492, 498 (Iowa 2012); *State v. Tong*, 805 N.W.2d 599, 601 (Iowa 2011).

### III. Section 6A.4(2).

Iowa Code section 6A.4 provides:

> The right to take private property for public use is hereby conferred:
>
> . . . .
>
> 2. *Owners of land without a way to the land.* Upon the owner or lessee of lands, which have no public or private way to the lands, for the purpose of providing a public way which will connect with an existing public road.
>
> . . . .
>
> b. The condemned public way shall be located on a division, subdivision or "forty" line, or immediately adjacent thereto, and along the line which is the nearest feasible route to an existing public road, or along a route established for a period of ten years or more by an easement of record or by use and travel to and from the property by the owner and the general public.

In the statute, "the legislature has conferred a narrow power of eminent domain upon private citizens in Iowa." *Green v. Wilderness Ridge, L.L.C.*, 777 N.W.2d 699, 702 (Iowa 2010). The statute gives the owner of land without access to an existing public road the ability to institute proceedings to secure a

route over other land. *Owens*, 610 N.W.2d at 865. This is because, "[i]t is socially desirable to make land locked property usable by providing a means of ingress and egress." *Id.* at 866.

### IV. Existing Route.

The Finnegans claim Dickson and Borrett have an existing route using Hankes Road, which they assert was used to travel to and from the Dickson property for almost thirty years, from 1962 when Dickson and Borrett purchased the property until 1991 when a gate was placed on Hankes Road. They presented photographic evidence to show Hankes Road was adequate for travel between Yellowstone Road and the cabin owned by Hankes and Thien. They assert it would be easier to improve the existing pathway over the short distance between the Dickson property and Hankes Road than to build a new road, in a new location, through the Finnegan property.

A party may not condemn the land of another if the party already has a public or private way to an existing public road. Iowa Code § 6A.4(2); *Anderson v. Lee*, 182 N.W. 380, 381 (Iowa 1921). "The statute must be construed to mean that one who has reasonable ingress and egress from his land, over a private or public way, cannot avail himself of the statute and condemn a public way over the land of another." *Strawberry Point Dist. Fair Soc'y v. Ball*, 177 N.W. 697, 699 (Iowa 1920). This right-of-way, however, must be vested and not subject to the will of another. *Id.* at 698. The supreme court has stated:

> [T]he statute evidently does not contemplate that the owner who claims to have no way to his land shall be compelled, before inviting the aid of the statute, to try one or more lawsuits for the purpose of finding out whether he has a way or not. The statute, in our judgment, should be construed to mean that, unless a party has

a way, either public or private, which is unobstructed and unquestioned, he may institute proceedings under the statute.

*Carter v. Barkley*, 115 N.W. 21, 22-23 (Iowa 1908). Additionally, an existing route must be reasonably sufficient for its purpose. *Anderson*, 182 N.W. at 381.

On our de novo review, we conclude the Finnegans have not shown by a preponderance of the evidence that Dickson and Borrett have an unobstructed and unquestioned right to use Hankes Road. There has been a gate across the road restricting access since 1991. Hankes testified he had planted some trees around the road so a person could not travel between Hankes Road and the Dickson property. Hankes stated he preferred Dickson and Borrett not have access to their property using Hankes Road. The evidence shows Dickson and Borrett do not have an existing route between their property and Yellowstone Road. Therefore, they may properly proceed with an action pursuant to section 6A.4(2).

**V. Eminent Domain.**

Under section 6A.4(2), a condemned public way must be (1) located adjacent to a division, subdivision, or forty line *and* be the nearest feasible route to an existing public road; **or** (2) along a route established for ten years or more by (a) an easement *or* (b) use and travel by the owner of the property and the general public. Iowa Code § 6A.4(2)(b) (emphasis added). In order to meet the statutory criteria, a proposed access road must meet one of these two alternatives. *In re Luloff*, 512 N.W.2d 267, 272 (Iowa 1994).

**A.** The Finnegans claim the proposed access road is not proper under section 6A.4(2)(b) because it is not adjacent to a division, subdivision, or forty

line. A forty line is the boundary of a forty-acre parcel of land. Forty acres is one-quarter of one-quarter of a section of land under the government survey system. *Hanson v. Iowa State Commerce Comm'n*, 227 N.W.2d 157, 159 (Iowa 1975); *see also* Iowa Code § 354.2(7) (defining "Forty-acre aliquot part," as "one-quarter of one-quarter of a section"). The surveyor, Mohn, testified forty acres is the smallest legal subdivision created by the government subdivision system. The parties agree the proposed access road is not adjacent to a forty line, and thus, the issue arises as to whether it is adjacent to a division or subdivision line.

The district court stated:

> Chapter 6A does not define division or subdivision, nor does it incorporate any other definitions from elsewhere in the Iowa Code. The Finnegans argue that the alternate route proposed by them follows a forty line and the one condemned by Dixon/Borrett does not follow a forty line. This statement is true and undisputed. However, Dixon/Borrett argued that the condemned road follows a subdivision line and is permitted by the statute. The Finnegans argue that the condemned route is not along a subdivision line. Therefore, the issue is: "What constitutes a subdivision line?"

The court also stated:

> The route condemned is along the division line between the aliquot parts of Section 23. Aliquot parts under these survey rules are legal subdivisions of a section or further smaller subdivisions of legal subdivisions by division into halves or fourths *infinitum* which do not require a survey beyond the original U.S. government survey of the section itself.

Although the terms "division" and "subdivision" are not defined in chapter 6A, they are defined in chapters 354, "Platting—Division and Subdivision of Land," and 355, "Standards for Land Surveying."[1] "Division" is defined as

---

[1] Although chapters 354 and 355 were enacted in 1990, *see* 1990 Iowa Acts ch. 1236, §§ 1,16, a code section was in place at the time when the eminent domain statute was enacted in 1897 until 1990 providing for the subdivision of land into three or more parts.

"dividing a tract or parcel of land into two parcels of land by conveyance or for tax purposes." Iowa Code §§ 354.2(6); 355.1(2). The term "subdivision" is defined as "a tract of land divided into three or more lots." *Id.* §§ 354.2(17); 355.1(10); *City of Cedar Rapids v. James Props., Inc.*, 701 N.W.2d 673, 676 (Iowa 2005). Additionally, Mohn testified this was his understanding of the terms "division" and "subdivision."

The statutory provision requiring a condemned route to be adjacent to a "division, subdivision or 'forty' line," has been in effect for more than 100 years, but there has been little discussion about what these terms mean. In *Luloff*, 512 N.W.2d at 272, the land owner claimed the proposed route to be condemned was not the nearest feasible route. The Iowa Supreme Court noted the controlling consideration was not solely which of several routes was the nearest feasible route due to the requirement the route also be adjacent to a "division, subdivision or 'forty' line."[2] *Luloff*, 512 N.W.2d at 272. The court stated:

> Interpreting the words of this statutory directive in context, we conclude that the word "line" in the phrase "along the line which is the nearest feasible route to an existing public road," refers to a "division, subdivision, or 'forty' line." Of the three routes under consideration only the "cemetery route" meets the statutory criterion of being along a "division, subdivision or 'forty' line." . . . In the absence of a route previously used for ten or more years by the property owner and the general public, the requirement that the

---

See Iowa Code §§ 914, 2028 (1897); *see also Oakes Constr. Co. v. City of Iowa City*, 304 N.W.2d 797, 798 (Iowa 1981) (citing statute providing for subdivision of land into three or more parts); *Farmers & Mechs. Sav. Bank v. Campbell*, 141 N.W.2d 917, 921 (Iowa 1966) (same); *Turner v. Cobb*, 192 N.W. 847, 848 (Iowa 1923) (same); *Giltner v. City Council of City of Albia*, 105 N.W. 194, 195 (Iowa 1905) (same).

[2] We note that in *Green*, 777 N.W.2d at 703-05, the Iowa Supreme Court considered only the issue of whether the condemnation route was the nearest feasible route. In that case the issue of whether the condemnation route was adjacent to a division, subdivision, or forty line had not been raised before the district court. *See Green v. Wilderness Ridge, L.L.C.*, No. 10-1339, 2011 WL 1818058, *3 (Iowa Ct. App. May 11, 2011).

route proceed adjacent to a division, subdivision, or 'forty' line was triggered. As the district court concluded, Luloff's proposed condemnation follows the only route that satisfies the latter requirement.

*Id.* (footnote omitted). The cemetery route followed a section line and then a forty line. *Id.* at 272 n.3 ("[T]he proposed route runs adjacent to the west side of the line separating the Northwest Fractional Quarter of Section 1-87-11 from the Northeast Fractional Quarter of Section 2-87-11. The remainder of the proposed route runs adjacent to the east side of that 'forty' line.").

In the case of *Miller v. Kramer*, 126 N.W. 931, 934 (Iowa 1910), the court determined there were two questions raised in the appeal: (1) did the defendant have a public or private way to his land and (2) "Is the proposed road on the division line or immediately adjacent thereto as provided by statute?"[3] The court noted, "if the proposed right-of-way follows a division line as nearly as practicable, the statute is substantially complied with." *Miller*, 126 N.W. at 935. The court stated, however, "The word 'adjacent' has a much broader meaning than 'adjoining,' and must have a reasonable construction." *Id.* The condemned route under consideration did not leave the south division line of the plaintiff's property by more than 300 feet. *Id.*

In the present case, Mohn testified the proposed access route was intended to run along the division line between the northeast quarter of the northeast quarter of the northwest quarter of a section and the southeast quarter

---

[3] The Iowa Supreme Court noted in *Miller*, 126 N.W. at 932, that the statute had recently been amended, but determined the amendment was not material to the case, and thus, the court applied the 1897 version of the section, which did not include the terms "subdivision or 'forty'". *See* Iowa Code § 2028 (1897). The statute was amended in 1909 to add the words "subdivision or 'forty.'" 1909 Iowa Acts ch. 123, § 1.

of the northeast quarter of the northwest quarter of that section. As noted above, a forty line follows the borders of a forty-acre tract of land, which is considered to be a quarter of a quarter of a section. The proposed access route runs on an east-west line that would occur if the forty-acre tract, the northeast quarter of the northwest quarter, was divided into quarters. There is no actual division here, however, because the Finnegans own the entire forty-acre tract. The proposed access road attaches to the middle of the Dickson property as well, because it encompasses the entire forty-acre tract immediately to the east of the Finnegan property. On cross-examination Mohn stated no actual division line existed adjacent to the line where the proposed access road was located.

Although there had been no division or subdivision of the land in the location of the proposed access road, and the road was not on a forty line, the district court determined the proposed access road was permissible under the statute because it followed the line that would occur if the section had been divided on quarter quarter quarter lines.

We conclude the legislature intended the terms, "division, subdivision or 'forty' line," to mean where land has been divided, subdivided, or on the border of a forty-acre tract of land. The court noted the Finnegans suggested an access route along a forty line, but determined that route was impractical. Under the first alternative, the statute requires both that the proposed route be adjacent to a division, subdivision, or forty line and be "the nearest feasible route to an existing public road." Iowa Code § 6A.4(2)(b). If there is only one route which is on a division, subdivision, or forty line, then that is the route that must be used. *See Luloff*, 512 N.W.2d at 272 ("Of the three routes under consideration only the

"cemetery route" meets the statutory criterion of being along a "division, subdivision or 'forty' line."). We conclude the proposed access road approved by the district court, which is not on a division, subdivision, or forty line, is not permissible under section 6A.4(2).

**B.** Section 6A.4(2)(b) contains a second alternative for a condemned public way, "along a route established for a period of ten years or more by an easement of record or by use and travel to and from the property by the owner and the general public." Under this alternative, a route is not required to be on a division, subdivision, or forty line. *See id.* A party is required to show the proposed route was established for a period of ten years or more (1) by an easement or (2) by use and travel to and from the property by the owner and the general public. Iowa Code § 6A.4(2)(b).

No one is claiming the proposed access route in this case had been established by an easement or by use and travel. There had never been a road or pathway where Dickson and Borrett sought to establish the proposed access road in this case, so the second alternative is not applicable.

On appeal, the Finnegans contend the district court improperly determined Dickson and Borrett did not have an existing route on Hankes Road because they did not have an easement permitting them to use the road. The Finnegans assert that the court should have also considered whether Hankes Road had been used by Dickson, Borrett, and the general public to travel to and from the Dickson property for a period of ten years. Hankes and Thien are not parties to this action. The issues raised by the Finnegans may be applicable if Dickson and Borrett had sought to condemn a route using Hankes Road, but this is not

the subject of the present action. We conclude the applicability of the second alternative to Hankes Road is not an issue to be decided in this appeal.

## VI. Conclusion.

The evidence shows Dickson and Borrett do not have an existing route between their property and Yellowstone Road. Therefore, they could properly proceed with an action pursuant to section 6A.4(2). Their proposed access route does not meet the statutory requirements of section 6A.4(2)(b), however, because it was not located on a division, subdivision, or forty line and was not along a route established for ten years or more. While Dickson and Borrett are entitled to condemn a route to Yellowstone Road, that route must follow the requirements of section 6A.4(2). The condemned public way must be (1) located adjacent to a division, subdivision, or forty line *and* be the nearest feasible route to an existing public road; **or** (2) along a route established for ten years or more by (a) an easement *or* (b) use and travel by the owner of the property and the general public. *Id.* (emphasis added).

We reverse the decision of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**