LOUIS P. CAMPAU v. THE BOARD OF PUBLIC WORKS OF THE CITY OF DETROIT.

*Municipal corporations—Plats—Mandamus.*

1. A writ of *mandamus* to compel the board of public works of the city of Detroit to vacate its approval of a plat of land adjoining those owned by relator is denied, because—

   *a*—Neither the makers of the plat, nor the purchasers of lots as established by the plat, are before the Court.

   *b*—After its approval and adoption of a plat, the respondent has no power to vacate it, and can only change it by a resolution of the common council, passed by a three-fourths vote of its members.

   *c*—Relator has no such interest as would entitle him to the writ.

2. Where a land-owner has complied with the statute in making a plat, and the streets thereon correspond with the general plan of the other streets of the city of Detroit, as made and adopted by the board of public works, *mandamus* will lie to compel the approval of the plat by said board.

3. The board of public works of the city of Detroit has no power to direct where a land-owner shall establish an alley when platting land; and the fact that the city assumes the burden

of cleaning and caring for such alley affords no legal excuse to the board of public works for declining to approve the plat.

*Mandamus.* Submitted May 19, 1891. Granted in part June 5, 1891.

Relator applied for *mandamus* to compel respondent to approve a plat of certain land, and to vacate the approval of a plat of adjoining lands. The facts are stated in the opinion.

*Dickinson, Thurber & Stevenson,* for relator.

*John J. Speed,* for respondent.

GRANT, J. The relator petitions for the writ of *mandamus* to compel the respondent to approve a plat of certain land owned by him, which he has duly executed, and to vacate the approval of a plat of adjoining lands made by Homer W. and William R. Candler. The Candler plat was approved by the respondent, and recorded.

The writ must be denied, in so far as it prays for the vacation of this plat, for three reasons:

1. Neither the Candlers nor other persons who are shown by the return to have purchased lots as established by this plat are before the Court. Their interests would obviously be affected by granting the order asked.

2. The respondent has no power to vacate plats. After plats have been approved and adopted by the board it cannot even change them, unless authorized by a resolution of the common council, passed by a three-fourths vote of the members. Section 304 of charter. *Mandamus* is not the proper remedy in such cases, and especially where the rights of others have become involved.

3. The relator has no such interest as would entitle him to the writ.

The writ must issue, if relator desires, to compel the approval of relator's plat. He has complied with the statute, and the streets upon his plat are made to correspond with the general plan of the other streets of the city, as made and adopted by the respondent. Any owner of lands is entitled to have his plat, when properly executed in accordance with this general plan, approved by the respondent.

The reason given for declining to approve is that the relator's plat shows a public alley on his land 20 feet north of the public alley upon the Candler plat; and that, as the alleys in the city are cleaned and cared for at the public expense, it was undesirable, and not for the public interest, that the alley on relator's plat should be permitted. The city is under no legal obligation to assume that burden. The fact that the city does assume it affords no legal excuse to respondent for declining to approve the plat. The board of public works does not possess the power to direct where an owner of land shall establish an alley. He may establish it where he pleases, so long as he interferes with no public or private right.

No costs will be allowed.

The other Justices concurred.