## A. S. Carpenter v. F. M. Lewis.

### Gen. No. 13,198.

VERDICT—*when not disturbed as against the evidence.* A court of review will not disturb the verdict of a jury where the evidence is conflicting unless it is apparent that an injustice has been done because the verdict is clearly against the weight of the evidence or is the result of prejudice or passion, and this is especially true where two juries have reached the same conclusion.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 18, 1907.

JAMES TURNOCK and EMORY D. FRAZER, for appellant; J. B. LANGWORTHY, of counsel.

GALLAGHER, FISKE & MESSNER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action arose in a proceeding under a distress warrant for rent before a Cook county justice of the peace, which in that court was sustained and a judgment rendered for $200, the rent claimed. A trial, on an appeal, in the Circuit Court prosecuted from the judgment of the justice found its finality in a judgment of $112 upon *remittitur* of $88 by appellee from the verdict of the jury. In an attempt to reverse which judgment this review is sought.

This controversy rests within a very narrow compass, and resolves itself substantially into one question, viz.: Did appellee in renting the office to appellant and his partner, Marie Price—see Price v. Lewis, 132 Ill. App., 179—rent it to appellant and Price as partners jointly at the

29

rental of $25 per month, or severally at a rental of $12.50 each per month, so that each became the tenant of appellee at the latter rental without reference to their joint or partnership interest in each other or the court reporting business conducted by them. Appellee also loaned appellant $200 in money. Appellant assigned to appellee a claim against the estate of Claus Eggers, deceased, for the sum of $350. On the hearing of the motion for a new trial the learned trial judge required a *remittitur* of $88 from the $200 verdict of the jury as a condition of not granting appellant's motion for a new trial, upon the theory that appellant was entitled to credit for the amount of the assigned claim, and to be charged with the sum of $200, cash loaned. Striking a balance with these items and the amount of the verdict of the jury resulted in the judgment for $112.

There is a contrariety in the evidence as to the method of rental, whether the tenancy was joint or several, upon which the whole defense rests. That appellant enjoyed the occupancy of the premises during the time for which rent is claimed, is not denied. That the $200 was received by appellant from appellee as a loan is not seriously controverted. That appellant and Price were partners in business is not of controlling consequence. They may have been partners; that fact may have been known to appellee at the time of the renting, and yet it becomes immaterial, in the light of the basis upon which the claim here rests. There is nothing repugnant to the existence of the partnership and the undertaking of each of the partners with the landlord for each of them to pay one-half of the monthly rental. If they were equal partners, such would be the extent of their liability between each other, but for the limitation of liability thus made each would be liable for the whole amount to the landlord. The agreement now claimed by appellee operated to release each of the partners from any obligation to pay the landlord more than one-half of the office rent.

While the evidence is conflicting, it is admitted by all parties that there was used by appellee, in the conversations resulting in the renting, the words "$12.50 each per

month." This in a measure is corroborative of the claim here made to the severance of the tenancy, and inconsistent with the claim that the tenancy was joint. It is peculiarly the province of the jury to reconcile conflicts in the evidence. Two juries have so done in this case, and both arrived at the same conclusion. A court of review will not disturb the verdict of a jury where the evidence is conflicting unless it is apparent that an injustice has been done because the verdict is clearly against the weight of the evidence, or is the result of prejudice and passion. None of these elements are discoverable from an examination of this record.

As said in Demmer v. Am. Ins. Co., 110 Ill. App., 580, "Where the evidence is conflicting, unless the court can say the verdict is manifestly contrary to it, the verdict should not be disturbed. Bishop v. Busse, 69 Ill., 403; T. W. & W. Ry. Co. v. Moore, 77 Ill., 217; Wiggins Ferry Co. v. Higgins, 72 Ill., 517; City of Rock Island v. Dies, 38 Ill. App., 409."

While the authorities cited in appellant's brief state correct principles of law, they are not applicable to the contentions raised by the record.

The jury have by their verdict and the trial court by its judgment found that the undertaking of appellant was distinct and separate from that of his partner, and that he was the tenant of appellee under a contract to pay rent at the rate of $12.50 per month, and we are unable to say that such conclusions are not justified by the record.

We find no reversible error in this record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*