## GEORGE LARSON AND OTHERS v. MINNESOTA NORTH-WESTERN ELECTRIC RAILWAY COMPANY.[1]

November 19, 1915.

Nos. 19,535—(173).

**Street —right of abutting owners to enjoin operation of railroad.**

1. Owners of lots abutting a public street in a city, upon and along which a commercial railroad maintains a track and operates cars, whose rights the railroad has not acquired by condemnation proceedings, or otherwise, are entitled to enjoin the maintenance and operation of such railroad.

**Eminent domain — franchise from city.**

2. A franchise from the city council is a necessary prerequisite to the institution by such railroad of condemnation proceedings to acquire the right to maintain its track along a public street in a city. And such franchise must be obtained in accordance with the provisions of section 6136, G. S. 1913, and in the manner specified by the city charter.

Action in the district court for Pennington county to enjoin defendant from maintaining and operating its railway upon Davis avenue in the city of Thief River Falls and to compel it to remove its track and leave the street in the condition which existed prior to its occupancy. For a defense the answer alleged that defendant applied to the city council of that city for permission to build its line of railway upon said avenue, and pursuant to such request the city council, by ordinance known as Ordinance No. 136, granted the right to maintain and operate one railway track on the street named and that defendant accepted the provisions of the ordinance. The reply specifically denied that the city council had authority to grant the privilege specified in the ordinance mentioned. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Stanton & Rowberg* and *A. A. Miller,* for appellant.

*G. Halvorson,* for respondents.

[1]Reported in 154 N. W. 948.

Note.—As to right of abutting owners to enjoin railroad in street as a nuisance, see note in 36 L.R.A.(N.S.) 812.

HOLT, J.

The defendant is a corporation, owning and operating a gas electric railway between the city of Thief River Falls and the village of Goodrich, Minnesota, a distance of 20 miles. For about five blocks the track is laid upon and along the middle of Davis avenue, a public street within the city mentioned. The defendant is conceded to be a commercial railroad, though the freight, except expressage, carried by it is transferred to the Soo railroad just before the city limit is reached, which road carries it to the center of the city for delivery at its own freight house. Plaintiffs, as owners of lots abutting on that part of Davis avenue where defendant's track is maintained, brought the action to compel it to remove the track and enjoin the operation of cars thereon, on the grounds that plaintiffs had received no compensation for the additional servitude placed on their land by the maintenance of the railroad in the street, and that no franchise had been obtained from the city council to maintain the track along the street. From the judgment granting plaintiffs the relief asked, this appeal is taken.

The finding that plaintiffs are owners of lots abutting upon Davis avenue and as such owners also are the owners of the fee immediately adjacent to their frontage up to the center of such avenue, subject to the public easement, is not challenged. Being such owners they have peculiar rights in the street which cannot be invaded by a commercial railroad without compensation being first made to them. No franchise, though lawfully granted by the city council, could deprive plaintiffs of their property rights. It is conceded that defendant has not by condemnation or otherwise acquired these rights from plaintiffs. The operation of defendant's railway upon the street in front of plaintiffs' lots constituted, as to them, a private nuisance. We are content to cite but one case, Harrington v. St. Paul & Sioux City Railway Co. 17 Minn. 188 (215). It is therefore entirely plain that plaintiffs were entitled to the judgment rendered.

But, since defendant by proper condemnation proceedings may still readily acquire the right as against the abutting owners to lay its track and operate its cars upon Davis avenue, it is necessary to determine another question which may arise if defendant should decide to take such proceedings. And that is the one upon which the parties have centered

their arguments in this case, viz: Has defendant obtained a legal grant or franchise from the city council to operate its railroad along this street? Without this it cannot even by the aid of condemnation proceedings acquire the right to operate its railroad along a public street of the city. Duluth Terminal Ry. Co. v. City of Duluth, 113 Minn. 459, 130 N. W. 18, so holds in construing section 6136, G. S. 1913, which provides that no corporation of the character of this defendant "shall construct, maintain, or operate a railway of any kind * * * in or upon any street, alley, or other public ground of a city or village, without first obtaining from, and compensating said city or village for, a franchise conferring such right." Minneapolis, St. Paul, R. & D. Ele. T. Co. v. City of Minneapolis, 124 Minn. 351, 145 N. W. 609, 50 L.R.A. (N.S.) 143. Section 6236, G. S. 1913, has no application to a case of occupation along a street of a commercial railroad, but is confined to a crossing thereof. Minneapolis & St. Paul Suburban Ry. Co. v. Manitou Forest Syndicate, 101 Minn. 132, 112 N. W. 13; City of International Falls v. Minnesota, D. & W. Ry. Co. 117 Minn. 14, 134 N. W. 302. So that we are concerned with the first named section alone. A franchise or grant conferring the right to construct and maintain a commercial railroad upon and along a city street being necessary, the same must be obtained from the authority and upon the condition specified in this section. The charter of the city of Thief River Falls prescribes the procedure to be followed in obtaining a franchise. It is conceded that the ordinance, purporting to give defendant the right or franchise to occupy Davis avenue, was not enacted in conformity to the charter requirement relative to the granting of franchises, nor upon a compliance with the condition named in said section 6136, G. S. 1913. We must therefore hold that defendant has not yet obtained the legal right from the city council which section 6136 exacts before it may lawfully operate its cars upon Davis avenue, or proceed to acquire by condemnation the rights of abutting lot owners.

It appearing that defendant has for sometime been carrying on a somewhat extended traffic over its railroad line and that, if the service is now interrupted, the public may be unduly inconvenienced, we deem it proper to say that, if defendant intends to lawfully acquire the right to maintain and use its tracks upon Davis avenue, the court below will undoubtedly, upon seasonable application, modify the judgment or stay the enforce-

ment of the injunction, so that defendant will be enabled to accomplish that object. Such is the practice indicated in Harrington v. St. Paul & Sioux City Ry. Co. supra, and Lohman v. St. Paul, S. & T. F. R. Co. 18 Minn. 157 (174).

Without prejudice to apply in the court below for a modification or stay, in the particular indicated, the judgment is affirmed. Respondent is entitled to costs, since no suggestion has so far been made by defendant to the trial court of any desire for a modification or stay.

Affirmed.