STATE EX REL. ANNA B. LEWIS AND ANOTHER v. CITY
COUNCIL OF CITY OF MINNEAPOLIS AND OTHERS.[1]

July 5, 1918.

No. 20,886.

**City of Minneapolis — rejection of plat — grading of streets.**

The charter of the city of Minneapolis gives to the city council power
to reject plats of land within the city limits. This power must be exer-
cised in recognition of other limitations of the charter. The city coun-
cil has no power to require, as a condition of its approval of a plat, that
all streets and alleys indicated on the plat shall be graded, since this, in
effect, imposes the burden of street grading in a manner contrary to the
provisions of the charter.

Upon the relation of Anna B. Lewis and her husband the district
court for Hennepin county granted its alternative writ of mandamus
directed to the city council of Minneapolis and its members commanding
them to accept and approve the plat of Parry Park, presented to the city
council for acceptance and approval in November, 1916. Defendant's
motion to quash the writ, or demurrer, was sustained, Rockwood, J.
From the order quashing the writ, relators appealed. Reversed.

*Lancaster, Simpson & Purdy,* for appellants.
*C. D. Gould* and *William H. Morse,* for respondents.

HALLAM, J.

Plaintiff owns a tract of unplatted land in the city of Minneapolis.
Desiring to plat it, she caused a survey to be made and a plat prepared
in the usual manner, and in November, 1916, presented it to the city
council for approval. The plat conformed to all requirements of the
statute and city charter. The city council refused to approve it on the
ground that the streets laid out upon it had not been graded. This re-
fusal was pursuant to a resolution passed by the council in February,
1915, adopting a report of its standing committee on street grades and
additions. This report read as follows:

[1]Reported in 168 N. W. 188.

"That in the opinion of your committee it is for the best interests of the city and all concerned that the streets and alleys indicated in any proposed plat should be graded; we therefore respectfully recommend that before the acceptance of any plat, all the streets, alleys and public places should be graded to lines and grades on file in the office of the City Engineer and to his satisfaction and approval."

Plantiff brings this proceeding in mandamus to compel the approval of the plat.

Mandamus will not lie to control the discretion of the common council of a city and if the refusal to approve was in any sense an exercise of the discretionary power of the council the writ must be quashed. If, on the other hand, the refusal was purely arbitrary or was predicated on a ground not warranted by law, the council is subject to direction by the court and mandamus should issue. To warrant the interference of the court the duty must be positive, the legal right must be clear. State v. Iverson, 120 Minn. 247, 139 N. W. 498; State v. City Council of Brainerd, 121 Minn. 182, 187, 141 N. W. 97, 46 L.R.A. (N.S.) 9. We are of opinion that this is such a case.

The city charter provides that: "Whenever any person shall subdivide any lot or piece of ground within said city * * * he shall cause the same to be surveyed and platted *   * * and when the survey and plat are so completed and acknowledged, it shall be presented to the city council" for approval. City Charter, c. 8, § 23.

This recognizes the right of the owner of real property within the city limits to plat his property subject to supervision of some sort on the part of the city council. The same section gives to the city council the power to "accept or reject said plats or direct them to be changed or modified in such manner as it shall deem expedient."

This section confers broad powers upon the city council in the matter of acceptance or rejection of plats, but it does not confer absolute power of rejection. The power must be exercised in recognition of other limitations of the charter. Reasonable regulation may be imposed. For example, the council may doubtless regulate the direction and width of streets and alleys and require conformity with existing subdivisions. People v. Massieon, 279 Ill. 312, 116 N. E. 639. People v. Board of Trustees, 122 Ill. App. 449.

We are not particularly concerned with the extent of the power of regulation further than to say that the council may not insist upon conditions that would result in the imposition of burdens upon the property owner that the council has no power under the city charter to impose. This seems to us the effect of the condition imposed in this case. By imposing this condition the city council in effect determines that the owner of abutting property shall pay the full cost of grading streets. This the city council has no power to do. The charter provides another method of bearing the expense of such improvements, namely, that the cost of bridges and approaches shall be a general city charge and all other expenses connected with the grading of streets shall be paid from taxation upon the several wards wherein the work is to be done, "except where other provision is made therefor." City Charter, c, 8, § 9. The quoted words refer to "other provision" made in the charter. They do not give the city council power to make provision for defraying the expense of local improvement in manner other than that specified in the charter. The legislature or the electors of the city, by charter enactment, may change the charter method of paying for street grading, but the city council has no power to do so. By the resolution above quoted the council has undertaken to do so. The council had no power to impose upon a single property holder the whole burden of grading certain streets when the charter distributes that burden over all property owners in the ward. Boyd v. City of Milwaukee, and Boyd v. Western Paving & Supply Co. 92 Wis. 456, 66 N. W. 603; Verdin v. City of St. Louis, 131 Mo. 26, 33 S. W. 480, 36 S. W. 52; Portland v. Bituminous Paving Co. 33 Ore. 307, 52 Pac. 28, 44 L.R.A. 527, 72 Am. St. 713; McQuillan, Mun. Corp. § 1892.

Chapter 185, p. 229, Laws of 1911, as amended by Laws 1913, p. 488, c. 345 (G. S. 1913, §§ 1566-1571), authorizes the city council of cities of the first class to grade streets and to assess the whole or a part of the cost upon the property benefited by the improvement and in proportion to such benefits. This provision does not help respondents. The city council has attempted to compel this relator to defray the whole expense of grading certain city streets without any reference to the question of what property is benefited.

The arbitrary imposition of the whole burden of grading of all

streets within the platted land upon a single property owner as a condition of the approval of the plat was without authority of law. The refusal being unlawful, mandamus should issue to enjoin approval of the plat.

The order quashing the alternative writ is reversed.