LEONARD-HILLGER LAND CO. *v.* WAYNE COUNTY BOARD
OF AUDITORS.

1. PLATS—APPROVAL—MUNICIPAL CORPORATIONS—POWERS OF COUNTY BOARD—STATUTES.

The board of auditors of Wayne county, in the approval
or rejection of plats of land submitted to it, is limited in
its powers and duties by section 3350, 1 Comp. Laws 1915.

2. SAME—MANDAMUS.

Mandamus will issue to compel the board of auditors of
Wayne county to approve a plat of land located in two
townships of said county, which had been accepted by
the township boards and which conformed to all statute
requirements, where the reason given by the board for
its refusal, viz., that it did not conform to adjoining plats,
was not based upon evidence; there being in fact, at the
time said plat was first presented, no adjoining plats.

Certiorari to Wayne; Codd, J. Submitted June
11, 1918. (Calendar No. 28,026.) Decided December
27, 1918.

Mandamus by the Leonard-Hillger Land Company to
compel the board of auditors of Wayne county to approve a plat. From an order denying the writ, plaintiff brings certiorari. Reversed, and writ granted.

*William Van Dyke,* for plaintiff.

*Paul W. Voorhies,* Assistant Prosecuting Attorney,
for defendant.

.OSTRANDER, C. J. A plat of land lying in the
township of Gratiot and Grosse Pointe township, in
Wayne county, called Leonard-Hillger Land Company's subdivision of lots 16, 17, and 18 of plat of Private Claim 300, recorded in liber 221 of deeds, was
approved by the authorities of both of said townships

and was offered for approval to the Wayne county board of auditors. Approval. was refused. Relator, owner of the land, applied to the Wayne county circuit court for a mandamus to compel approval of the plat, an order to show cause was granted, an answer filed, and upon a hearing the writ was refused. Relator sued out of this court a writ of certiorari by which the record of the proceeding in the mandamus case is brought here for review. The learned trial judge delivered a short opinion, perusal of which will tend to make clear the legal proposition upon which relator rests the right to the writ of mandamus. He said:

"I don't believe that the legislature in the act intended that the duties of the board of county auditors should be purely clerical in nature as is practically claimed by relator in this case. Surely some one must be vested with some general supervision of the platting of property in any county. It seems to me that when the legislature selected three officials for a county they intended to invest them with certain discretionary powers and certain duties to see to it that the property within their jurisdiction was platted for the greatest good to the greatest number. If the contention of counsel were correct that where there are no adjoining plats, the plat must be accepted by the board, then it would become a case of first come first served.

"The plat in question was rejected under date of April 25, 1917, in writing, for the reason that 'the streets and alleys in such plat do not in our opinion conform to the general plan of the streets and alleys in the district of which said plat is a part.' There is ample testimony adduced to show that the platting of property as proposed by relators would work great hardships to adjoining property upon the west, and that also it did not conform to the general plan as stated in the notice in writing given by the board. There is also, of course, evidence introduced that the platting of the property in any other way might work a hardship to relator. At the same time it can be assumed that all of these matters were thoroughly

investigated by the board, and unless their finding was such as to amount to an abuse of discretion which I believe to be vested in them in this respect, the court should not interfere."

The powers and duties of the respondent board are set out in section 3350 of the Compiled Laws of 1915 as follows:

"*   *   * It shall be the duty of said board whenever any map or plat is submitted to them to carefully examine the same for the purpose of determining whether or not the caption of said map or plat conflicts in any way with the title or caption of any other map or plat previously recorded in the office of the register of deeds of said county, and also for the purpose of ascertaining whether or not the streets and alleys in such map or plat conform, in their opinion, to the streets and alleys of any adjoining map or plat heretofore recorded; and are so named that no name previously in use in the same city or village shall be made use of except in continuing a street or alley: *Provided,* That nothing herein contained shall require the dedication of any other or further streets than those shown on the plat; and for the purpose of determining whether or not the land included within the limits of said map or plat is suitable for platting purposes; and if, upon examination of said map or plat a majority of said board shall find that the title or caption does not conflict with that of any other map or plat, not vacated, recorded in such county, and the streets and alleys do conform to those of any adjoining map or plat theretofore recorded; and are so named that no name previously in use in the same city or village shall be made use of except in continuing a street or alley; and further, that the land included in said map or plat is suitable for platting purposes, and that said map or plat conforms to the requirements of this act, the said board shall endorse its approval thereon by the signatures of a majority of said board, but shall otherwise reject the same." *   *   *

It is possible that the board of auditors of Wayne county should be given larger powers in the premises than they now possess in order that plats of the land

adjacent to the city of Detroit may be adapted to a general plan insuring against ugly and inconvenient cutting up of private property into public plats. It is clear, however, as is discovered by reading the statute, that the power of the board of auditors in the premises is a very limited power.

In the case now presented it appears there is no general township plan in either of the townships in which relator's land is situated, at least no plan in either which has been followed. It appears there are private subdivisions and public plats in the neighborhood, but when relator's plat was presented for approval there was no other which was in the immediate neighborhood, none adjoining it, none to which it could conform if such conformation could be required. Relator's plat conforms with all statute requirements. This is admitted. It is true that before the respondent board passed finally upon the plat another plat of adjoining land—land adjoining part of relator's land —had been presented, and the board, in consequence, seems to have attempted to secure some modification of relator's plat. But relator's was the first plat offered for approval. The reason given for refusing to approve it must be accepted as the real reason. That reason does not appear to be based upon evidence.

The principles which must control construction and application of this statute have been stated and applied in *Campau* v. *Board of Public Works*, 86 Mich. 372; *Van Husan* v. *Heames*, 91 Mich. 519; *Klug* v. *Auditor General*, 194 Mich. 41; *Campau* v. *Board of Auditors*, 198 Mich. 468.

Under the circumstances, we are compelled to disagree with the learned trial judge, to set aside his judgment, and order that the writ of mandamus issue as prayed. No costs.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.