63 So.2d 812

**TUXEDO HOMES, Inc. v. GREEN et al., Commissioners of City of Birmingham et al.**

6 Div. 496.

Supreme Court of Alabama.

March 13, 1953.

Smyer & Smyer, Birmingham, for appellant.

J. M. Breckenridge, Birmingham, for appellees.

496

in the City of Birmingham, which map petitioner sought to have recorded in the office of the judge of probate of Jefferson County.

A demurrer was sustained by the court to the petition for mandamus. Whereupon petitioner took a non-suit for the purpose of reviewing that order, and a judgment of non-suit was duly entered.

Petitioner owned a certain described tract of land in the City of Birmingham, and desired to subdivide the same into residential lots, streets, avenues and alleys, and made a map or plat of the same. Not being ready to proceed with the entire project, in August 1950, petitioner submitted to the city engineer and city commissioners for their approval a portion of said plat, which portion was marked exhibit "B" to the petition. The city engineer and city commissioners indorsed their approval upon the same, and it was duly recorded in the probate office of Jefferson County.

Petitioner has become desirous of going forward with the entire program, which includes exhibit "B" above mentioned, and has presented to the city commissioners and city engineer a map or plat covering the remainder of the project, and marked exhibit "C" to the petition. The city engineer and city commissioners, it is related in the petition, declined to give their approval to the same. The petition alleges that the refusal to do so by the city commission and by the city engineer, respectively, was an arbitrary exercise of their power and without cause. The petition sets up the facts upon which that arbitrary refusal was based, mainly with reference to a proposed lift pump to be installed for the purpose of taking care of sanitary sewerage, alleging that petitioner purchased that certain type of lift pump for use in the development of the property, which the city engineer advised petitioner would be approved.

PER CURIAM.

This is an appeal from a judgment of the circuit court in a cause wherein appellant sought to have a mandamus directed to the city commissioners and the city engineer of the City of Birmingham to require them to indorse, in writing, their approval upon a certain map or plat of land located

It is not distinctly alleged that the city engineer and city commissioners withheld their approval on account of their objection to the lift pump, but such is the inference to be drawn from the petition. No other cause is alleged to be asserted by them for their refusal to approve the plat as prepared.

We are therefore confronted with the question of whether the city engineer and city commissioners are, under the circumstances, subject to be compelled by mandamus to enter their approval upon said plat or map so that the same may be recorded in the office of the judge of probate of Jefferson County, as authorized by sections 12, 13, 14 and 15 of Title 56 of the Code, as the same is also affected by section 662, Title 62, Code, applicable to the City of Birmingham. Section 12 makes detailed provisions for the nature of the plat or map which may be recorded. It must show the subdivision into which it is proposed to divide the same, giving the length and bearings of the boundaries of each lot and its number, and if it refers to town lots it must show the streets, alleys and public grounds, and give the bearings, length, width and name of each street, as well as the number of each lot and block, and show the relation of it to the government survey. By section 13 it is provided that when completed, it shall be certified by the surveyor and acknowledged by the owner of the property, as required of deeds, and as so completed shall be recorded in the office of the judge of probate, and the acknowledgment and record shall have like effect as in the case of deeds. By section 14 it is provided that when so acknowledged and recorded, the plat or map shall be held to be a conveyance in fee simple of such portion of the premises platted as donated to the public, and that such portions marked for streets, alleys, common and other public places shall be held in trust for those purposes. By section 15, it is provided that the probate judge shall decline to receive for record such map or plat as to lands lying within the corporate limits of any city having a population of more than 10,000, unless such map shall have noted thereon the approval of the governing body or the city engineer of such city.

Section 662, Title 62, Code, applicable only to the City of Birmingham, provides in substance that no dedication of a street, alley, or other public way, shall be effective without the assent of the governing body of the city, evidenced by an ordinance or resolution by such governing body, which may be recorded with the map or plat showing a subdivision of lands in said city.

It is argued that a city cannot be required by a property owner to accept the dedication of a street, which it is claimed is implied by the approval of such a map showing streets, alleys and other public places.

It is thoroughly well settled in this State and elsewhere that an owner of land cannot impose his dedication of a street upon the public by platting the tract and disposing of lots according to the plat; and that in order to have a dedication there must be an acceptance of it by the city if the property is located in a city. Ivey v. City of Birmingham, 190 Ala. 196, 67 So. 506. The mere recording of the map or plat does not add to its effect as an acceptance of the dedication.

It would not be contended that the City of Birmingham could be forced by mandamus or any other process to accept the dedication offered by a landowner of streets, alleys and other public places shown by the map or plat.

It is contended also that section 662, *supra,* should be construed along with the statutes cited above in Title 56, to mean that such a plat in the City of Birmingham cannot be recorded unless the city commissioners of Birmingham shall pass an ordinance or resolution, such as there provided, in substance and effect, accepting a dedication of the streets, alleys and other public places shown by said map or plat. But we call attention to the fact that section 662, *supra,* does not so provide. It only prohibits an effective dedication without the assent of the city commission and merely authorizes the city commission to pass an ordinance or resolution to that effect to be recorded along with the recordation of such a map or plat. It is clear that it is not necessary to comply with section 662 as a condition precedent to the recording of a map or plat in Birmingham, as authorized by section 15, *supra.* However, it is necessary for the city commissioners of Birmingham or its city engineer to note on the plat their approval of the same.

The authorities generally agree, as we will show, that the mere approval of the plat or map by the governing body is not an acceptance of the dedication of the proposed streets, alleys and other public places. We are clear to the view that it was not intended to confer on the *city engineer* the power to accept a dedication and thus bind the city to maintain such streets. Section 662, *supra,* clearly refutes any such theory. The effect of that and other statutes is that a plat or map may be recorded in Jefferson County, applicable to the City of Birmingham, provided the city commissioners or city engineer note their approval of the same with or without an ordinance or resolution provided for in section 662; but that to do so without the ordinance or resolution would not be an acceptance of the proposed dedication, nor impose any burden on the city.

Referring to the authorities on that subject in other states, we find the following situation. In Better Built Homes & Mortgage Co. v. Nolte, 1923, 211 Mo.App. 601, 249 S.W. 743, the owner of a proposed addition had complied with the Revised Statutes, 1919, section 9283, V.A.M.S. § 445.010, with reference to the laying out of streets therein, and had met the only requirement imposed by law or ordinance. The approval of the council as a prerequisite to recordation was required by law, but it was held to be a ministerial act enforceable by mandamus.

In Downend v. Kansas City, 1900, 156 Mo. 60, 56 S.W. 902, 904, 51 L.R.A. 170, the same principle is stated, also that the sole purpose of requiring such approval "was to secure systematic prolongations of its streets, and thus conform to the plan upon which the city was laid out." But such approval "is in no sense an acceptance of the street as a public highway; nor does it cast upon the city the duty of keeping it in repair. Such a statutory plat vests the fee to the parcels of land thereon described as intended for public use in the city (section 7313, Rev.St.1889 [V.A.M.S. § 445.070] * * *), but neither the plat nor its approval is a present acceptance thereof by the city." It "does not become a street until the properly constituted authorities do some act showing acceptance thereof," and until such time "the obligation of the city to keep it in repair does not begin, and consequently it is not liable for a failure to do so. And the mere approval of the plat is not such an act of jurisdiction."

The same conclusion and reasoning are contained in the case of People ex rel. Tilden v. Massieon, 1917, 279 Ill. 312, 116 N.E. 639, 641, saying: "No discretion is vested in the city council to refuse approval of a plat which conforms to the statute and does not fail to conform to the provisions of any ordinance." Also that "the making and recording of the plat is no more than an offer which is binding on the maker of the plat [as a dedication], but not upon the municipal authorities until acceptance." Western Springs Park District v. Lawrence, 343 Ill. 302, 175 N.E. 579.

And in Commissioners' Court v. Frank Juster Development Co., Tex.Civ.App.1947, 199 S.W.2d 1004, the same theory is observed; also in the case of Leonard-Hillger Land Co. v. Wayne County Board of Auditors, 1918, 203 Mich. 466, 169 N.W. 850; Campau v. Board of Public Works, 86 Mich. 372, 49 N.W. 39; Id., 198 Mich. 468, 164 N.W. 369; see, 11 A.L.R.2d 568, 572.

We must also remember that a discretion to approve or not, without fair standards or conditions to control its exercise, (when its exercise creates no burden on the city) is usually contrary to due process. City Council of Montgomery v. West, 149 Ala. 311, 42 So. 1000, 9 L.R.A.,N.S., 659; Yick Wo. v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

The cases are unanimous in holding that there is no discretionary act contemplated in requiring the approval of a plat or map by a city as a condition to recording it when such plat or map conforms to the requirements of law in that respect, and does not conflict with the layout of the streets and other public places of the city or with any regulatory ordinance under the police power of the city with respect to such a situation.

In the case of State ex rel. Lewis v. City Council of Minneapolis, 140 Minn. 433, 168 N.W. 188, the state law gave to the city the power "to 'accept or reject said plats or

direct them to be changed or modified in such manner as it shall deem expedient.'" Expediency is set as the standard. The court observed that this gave broad discretionary powers to the city council in the matter of acceptance or rejection. Its arbitrary use could be controlled by mandamus, it was said.

In Allen v. Stockwell, 210 Mich. 488, 178 N.W. 27, there was an ordinance of the City of Pontiac making certain requirements with respect to a subdivision as a condition for its approval of the plat by the city commission. Those conditions had not been met, and for that reason it was held that the city was within its lawful right in not approving the plat, upon a further holding that the conditions set forth in the ordinance were a reasonable exercise of the police power of the city. But the court also held that if the city commission unreasonably refuses to approve the plat it may be compelled to do so by mandamus. While mandamus was there refused, it distinguished the Campau cases, supra.

We believe that a proper interpretation of our statutes is in conformity with what was held in the Missouri, Michigan, Illinois and Texas cases. In accordance with that theory, the power merely to approve such a map, complying with our statutory provisions and any city ordinance applicable to it, does not invoke a discretionary act of the city commission or city engineer, and its mere approval is not an acceptance of the proffered dedication and imposes no burden on the city. We think such theory is consistent with the holding in Ivey v. City of Birmingham, supra. It is also emphasized by the fact, as we have mentioned, that the statute which provides for the approval of a map or plat directs that the approval may be either by the city commission or the city engineer. Whereas it is not likely that the legislature would delegate to the city engineer a discretionary power in respect to the matter. That theory is further emphasized by the fact that the map or plat may be so approved without a resolution accepting a dedication of the streets as authorized by section 662, supra, to be made by the city commission.

It is apparent, however, that this petition was filed upon the theory that it was necessary to allege that the refusal to approve the map or plat by the city commission or city engineer was arbitrary and without any plausible reason for doing so. Such allegation is made in the petition, although we think it was unnecessary to have done so.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and it was adopted by the Court as its opinion.

Upon the basis of the foregoing reasoning, we have reached the conclusion that the demurrer should not have been sustained to the petition.

The judgment is reversed, the non-suit set aside and vacated, and the cause remanded and restored to the docket for further disposition.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and BROWN, SIMPSON and MERRILL, JJ., concur.