Myron A. McINTOSH and Mary M.
McIntosh, Plaintiffs-Appellants,

v.

CITY OF JOPLIN, a Municipal corporation,
Defendant-Respondent.

No. 9247.

Missouri Court of Appeals,
Springfield District.

Oct. 11, 1972.

James Poynor, Joplin, for plaintiffs-appellants.

George C. Baldridge, Joplin, for defendant-respondent.

TITUS, Chief Judge.

Plaintiffs, Myron and Mary McIntosh, petitioned the Circuit Court of Jasper County to enjoin and restrain the City of Joplin from the use of their alleged private sewer in Warnick Subdivision "until proper pro-

ceedings have been taken by law and until the damages to plaintiffs in consequence of the appropriation [of plaintiffs' sewer by the city] have been ascertained and paid to plaintiffs." The court denied plaintiffs an injunction and they appealed.

Warnick Subdivision was dedicated by plaintiffs as a part of the City of Joplin and approved as such by the city. No sanitary sewers of any class existed in the subdivision at the time of its dedication and no formal dedication of the sewer subsequently built by plaintiffs was ever made to the public. Plaintiffs undertook to develop the subdivision with the intent of selling lots and houses which would be eligible for FHA financing. Included in the subdivision was a double row of lots, numbered 1 to 32, all owned by plaintiffs at the time the subject sewer was constructed. A dedicated utility easement was on the rear of each lot, making the easement 20 feet wide in all. At a cost to them of $11,611, plaintiffs had a north-south 8 inch sanitary sewer constructed in the easement, the south end of which was connected to a public sewer with city permission.[1] In August or September 1970, or "right after" the subdivision sewer was completed, the city connected a district sewer onto the north end of the sewer plaintiffs had built. The connection was made without any payment by the city to plaintiffs and in spite of plaintiffs' objections—"I went out and ran them off and I told them they . . . could not tap on to that sewer, and I stopped them for only two days."

The City of Joplin is a constitutional charter city and § 19, art. VI, Constitution of Missouri, V.A.M.S., requires that we take judicial notice of the provisions contained in its charter. Article XI ("Public Improvements and Condemnation") of the Joplin charter, inter alia, provides: "The city shall have power . . . to acquire, construct, reconstruct, repair, main-

---

1. Public sewers are paid for out of general revenue or bond proceeds and are such as benefit the municipality generally by receiving the discharges from district, joint district and private sewers. 11 McQuillin Municipal Corporations, § 31.06, at pp. 182–183; § 11.36, Home Rule Charter of the City of Joplin.

tain, enlarge, alter and extend sewers (§ 11.01). . . . The general sewer system of the city shall be divided into four classes, to-wit: Public, district, joint district and private sewers (§ 11.35). . . . Private sewers may be constructed under such regulations, specifications and restrictions as may be provided by the director of public works; but the city shall be at no expense in the construction or repairing of the same. Sewers constructed by private contract, or private sewers constructed in any public street . . . or on land in and on which the city has an easement, under plans and specifications approved by the director of public works and under his supervision, may upon his recommendation be accepted and taken over by the city by ordinance of the council, in which case the city shall thereafter assume the care and maintenance thereof (§ 11.42)." The record does not show the existence of any city ordinance relating to the sewer built by plaintiffs in Warnick Subdivision. But should there, in fact, be such an ordinance, it could not be considered here for we do not judicially note city ordinances. Playboy Club, Inc. v. Myers, Mo., 431 S.W.2d 228, 230(2).

■ A private sewer is one constructed and paid for by a private person with or without a permit (Prior v. Buehler & Cooney Const. Co., 170 Mo. (banc) 439, 444, 71 S.W. 205, 206; 11 McQuillin, Municipal Corporations, § 31.09, at p. 190), and, at least in its inception, the sewer built and paid for by plaintiffs in Warnick Subdivision was a private sewer. The City of Joplin, as its charter indicates, recognizes that private sewers may exist within the general sewer system and that a private sewer may be acquired and taken over by the city *by ordinance* if the enumerated conditions attending its construction have been satisfied. Nevertheless, a city may not appropriate private property unilaterally by the simple expediency of passing an ordinance to do so, and sans express or implied dedication by or deed from the owner or acquisition through authorized condemna-

tion procedures, neither may a city lawfully appropriate a private sewer and take it over for public use by merely connecting onto the sewer without the owners' permission. " 'Such action, without payment of just compensation to plaintiffs therefor, would amount to a taking of private property for public use without just compensation, which is prohibited by Section 26, Art. I, Constitution of Missouri 1945, V.A.M.S., and by the Fifth Amendment to the Constitution of the United States. Furthermore, such taking without compensation would be in contravention of due process of law as guaranteed by the Fifth Amendment to the Federal Constitution and by Section 10, Art. I of our State Constitution.' " Twiehaus v. Wright City, Mo., 412 S.W. 2d 450, 454.

In tacit agreement with the foregoing, but in an effort to avoid the effect of its "taking" the sewer built by plaintiffs (26 Am.Jur.2d, Eminent Domain, § 157, pp. 823–826), the city now argues that "the plaintiffs have made a dedication of the sewer to the City of Joplin by requesting and receiving acceptance of [the] sewer for maintenance." Since there is no claim or evidence of dedication by grant, prescription or limitation, the city can only be contending there was a common law or implied dedication of the sewer by the plaintiffs to the city for public use. The city's argument brings into focus a letter written by its director of public works under date of September 9, 1970, which reads: "TO WHOM IT MAY CONCERN: The sanitary sewer serving Lots 1 through 32 in Warnick Sub-Division . . . was built under City specifications and plans approved by the City Engineer. This sewer has been accepted for maintenance by the City of Joplin. A Missouri Water Pollution Board Permit for operating this sewer has been applied for and will be issued in the near future." Plaintiff Myron McIntosh identified the letter as one "I requested from the City in order to file it with FHA showing that I had installed the sewer and that they would accept it for maintenance." When asked on cross-examination if the

sentence anent the city accepting the sewer for maintenance had been included in the letter at his request, Mr. McIntosh answered: "No. I told [the director of public works] that FHA had to have something in writing until this operating permit came back because they were way tardy in getting the operating permit back." There was no evidence that the city had undertaken any maintenance of the sewer. To the contrary, Mr. McIntosh stated, "I already serviced the sewer lines. They sunk in further afterward and we filled them up with dirt because you have a certain amount of settlement."

An implied dedication may be shown by direct or circumstantial evidence of acts in pais establishing the intention on the part of the owner that the property should be appropriated for public use (Mulik v. Jorganian, Mo.App., 37 S.W.2d 963, 964), bearing in mind that the "intention of the owner . . . is the foundation and life of every dedication." 23 Am.Jur.2d, Dedication, § 19, at p. 17. However, when divestiture of a citizen's property in favor of the public is sought to be established in pais, the proof should be so convincing, full, persuasive and cogent as to leave no reasonable doubt of the existence of the owner's consent or intent, and the acts relied upon must not be consistent with any construction other than that of a dedication. Carpenter v. City of St. Joseph, 263 Mo. 705, 716, 174 S.W. 53, 56; McShane v. City of Moberly, 79 Mo. 41, 45(2); State v. Hood, 143 Mo.App. 313, 316, 126 S.W. 992, 993(1). Also, the city's acceptance is necessary to complete the act of dedication. Moseley v. Searcy, Mo., 363 S.W.2d 561, 563(4); Schneider v. State Tax Commission, Mo., 319 S.W.2d 535, 537. We are of the opinion that the "To Whom It May Concern" letter written by the director of public works cannot be classified as convincing, full, persuasive and cogent evidence of an intent on the part of the plaintiffs to dedicate the sewer for public use, particularly in view of plaintiffs' continuing objections and attempts to prevent such a use. Especially is this true in light of the fact that reference to the city accepting the sewer for maintenance was an apparent gratuitous inclusion in the letter by the director which plaintiffs had not requested. In addition, there was no proof of acceptance of the alleged dedication by the city, a step required to complete it. The city charter (§ 11.42, supra) specifies that acceptance shall be by ordinance; we are clear to the view that the charter did not intend to confer on the director of public works the power to accept a dedication or the power to bind the city to maintain a private sewer. Tuxedo Homes, Inc. v. Green, 258 Ala. 494, 63 So.2d 812, 814(5, 6).

There was no implied or common law dedication in this case. But if there had been one, it could have served as a defense for the city only by way of estoppel, and in order for it to do so, the dedication should have been pleaded in the city's answer, which was not done. Rule 55.10 V.A.M.R.; Lang v. J. C. Nichols Inv. Co., 227 Mo.App. 1123, 1133(3), 59 S.W. 2d 63, 68(3). Moreover, the issue of dedication was not presented to the trial court nor tried by the express or implied consent of the parties so that we could treat the issue as if it had been raised by the pleadings. Rule 55.54. Under such conditions, the defense of dedication may not be considered when raised for the first time upon appeal. Kammeyer v. Concordia Telephone Company, Mo.App., 446 S.W.2d 486, 491 (5); Haughton Elevator Co. v. C. Rallo Contracting Co., Mo.App., 395 S.W.2d 238, 246(10).

Finally, the City of Joplin asseverates the injunction was properly refused as it does not appear that plaintiffs have or will suffer any damages because the city connected a district sewer onto the north end of the one which plaintiffs constructed. The city's assertion is clearly denied by Gunn v. City of Versailles, Mo. App., 330 S.W.2d 257, a case involving a situation near akin to the one which con-

fronts us here. In *Gunn*, a subdivision was dedicated by plaintiffs as a part of the city with its approval. Subsequently plaintiffs, at their own expense and with the city's permission, built a sewer for the subdivision along a city street and connected it to an existing city sewer. Thereafter, the city built an extension sewer and connected it to the south end of plaintiffs' sewer without their permission, claiming plaintiffs had dedicated the sewer to public use. The court of appeals held that the sewer built by plaintiffs was a private sewer, that plaintiffs had not dedicated it to public use, and that the City of Versailles had no legal right to appropriate plaintiffs' sewer by connecting the city's extension onto it without compensating the plaintiffs as provided by law. In response to the city's contention that the trial court's denial of an injunction was proper because plaintiffs had not demonstrated any damages, the court said [330 S.W.2d at 261(6)]: "Defendant City in this case is not merely doing a consequential damage to plaintiffs' property but has rather appropriated and taken it over for use by and integration into the city's sewer system. Its action in so doing is not in accordance with the procedure in such cases made and provided by our statutes." Also, see again Twiehaus v. Wright City, supra, 412 S.W.2d at 454, and note carefully Higday v. Nickolaus, Mo. App., 469 S.W.2d 859, 870, which declares: "And a petition, such as that of plaintiffs, which pleads an appropriation of private property for a public purpose without authority or without compliance with the constitutional or statutory conditions on which the right to make the appropriation is given describes such an invasion of private rights as may be assumed to be irremediable. Such a wrong will be enjoined without the customary requirements of equitable jurisdiction, and more particularly, without regard to the questions of irreparable damage or the existence of a legal remedy which may afford a money compensation."

It is our opinion and ruling that the Circuit Court of Jasper County erred in denying plaintiffs' plea for an injunction. On the other hand we believe the defendant City of Joplin should be afforded a reasonable time to officially determine its future course and act thereon. In keeping with the pattern set by Gunn v. City of Versailles, supra, 330 S.W.2d at 262–263, the judgment nisi is reversed, the cause is remanded, and the circuit court is directed upon receipt of the mandate herein, to enter its mandatory injunction in favor of the plaintiffs and against the defendant city, directing that the defendant city, within sixty days thereafter, either (1) institute proceedings, consistent with its charter provisions, the laws and constitution of this State, to take and appropriate plaintiffs' private sewer in Warnick Subdivision or (2) remove the connection heretofore made by it on the north end of plaintiffs' said sewer.

STONE and HOGAN, JJ., concur.