**GOOD VALUE HOMES, INC.,**
**Respondent,**

v.

**CITY OF EAGAN, Appellant.**

**No. CX–87–627.**

Court of Appeals of Minnesota.

Aug. 11, 1987.

Lawrence R. Johnson, Richard A. Beens, Steffen & Munstenteiger, P.A., Anoka, for respondent.

David G. Keller, Hauge, Eide & Keller, P.A., Eagan, for appellant.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and MULALLY *, JJ.

## OPINION

PARKER, Judge.

The City of Eagan appeals from a peremptory writ of mandamus directing it to grant preliminary plat approval to Johnny Cake Ridge 5th Addition. We affirm.

## FACTS

Respondent Good Value Homes, Inc., is a residential real estate development corporation that bought a parcel of land known as Outlot B of Johnny Cake Ridge 4th Addition from Orrin Thompson Homes, Inc. In the summer of 1986 Good Value Homes applied to appellant City of Eagan for preliminary approval of a plat consisting of three four-plex buildings on that land, to be known as Johnny Cake Ridge 5th Addition.

The Eagan Planning and Engineering Department issued a favorable report on the proposed plat on August 12, 1986, indicating no deficiencies. The report noted the increased density to 7.01 units per acre would be "well within the 6–12 range permitted in R–3 districts," the poor soil would have to be corrected for proper drainage and building suitability, the proposed buildings would be "architecturally the same as others in the area," sufficient utilities existed to service the development, and no additional easements or permits would be required.

The Eagan Advisory Planning Commission, however, recommended denial of the preliminary plat after hearing testimony from a number of citizens who objected to the increased density, saying that they had purchased their homes because of the open

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

space. They presented Orrin Thompson Homes' marketing map showing open space in Outlot B. According to the minutes of the August 26, 1986, meeting, "[a]fter review, the Commission recommended denial of the Preliminary Plat, stating that it was not the original intent to construct townhomes at that location and was not consistent with the original development plan."

The Eagan City Council denied preliminary plat approval on September 16, 1986. The city council resolution cited the planning commission's recommendation, the understanding of the city and the neighboring residents that the area was intended for open space, increased density, poor soil causing "concerns as to proper drainage and building suitability," the "considerably" different style of the proposed units, and the lack of utility services or stubs adjacent to the parcel.

On November 12, 1986, Good Value Homes petitioned the district court for a writ of mandamus directing the city to approve the proposed plat, alleging that it complied with all applicable city ordinances and state laws, that no variances or permits were requested or needed, and that the city's denial was therefore arbitrary and capricious. The district court issued an alternative writ of mandamus directing the city to grant approval of the proposed plat or show cause why a peremptory writ should not issue.

At a December 4, 1986, hearing the city attorney, after unsuccessfully requesting a continuance, admitted that the proposed plat met all city code requirements. He argued, however, that the city still had discretion to deny approval based on representations by the original developer, Orrin Thompson Homes, as to the density of the entire development. At the conclusion of the hearing the court asked for memoranda from the parties. The city's memorandum focused on the argument that the original developer intended the development to have a maximum of 152 townhouse units, which had already been reached. Attached, along with Orrin Thompson Homes' 1979 preliminary plat application for John-

ny Cake Ridge, was its development contract stating:

> The parties mutually acknowledge that it is the intention to develop the entire plat as forty-five (45) single family detached dwellings and one hundred fifty-two (152) townhouse units. * * * The parties mutually recognize and agree that all terms and conditions of this agreement run with the land herein described and shall be binding upon the heirs, successors, administrators, and assigns of ORRIN THOMPSON HOMES and U.S. HOME CORPORATION.

No evidence was submitted showing that this contract was ever filed with the county.

On March 6, 1987, three months after the hearing, the trial court filed a peremptory writ of mandamus directing the city to approve the preliminary plat by March 31. The court found that the planning and engineering department's report was favorable, that neither the planning commission nor the city council specified any instances of non-compliance with the zoning or platting ordinances, and that the city's denial was therefore arbitrary and capricious, citing *Odell v. City of Eagan*, 348 N.W.2d 792 (Minn.Ct.App.1984). The city filed a motion to vacate the order for the peremptory writ and have a trial on the merits, or to stay the order to allow time to perfect an appeal to this court. On March 31 the district court granted a 30–day stay. The city appeals from the March 6 peremptory writ of mandamus.

### ISSUE

Did the trial court properly issue a peremptory writ of mandamus directing the City of Eagan to grant preliminary plat approval to Johnny Cake Ridge 5th Addition?

### DISCUSSION

■ On appeal from a zoning decision, this court must review the action of the Eagan City Council independent of the findings and conclusions of the trial court. *C.R. Investments, Inc. v. Village of Shoreview*, 304 N.W.2d 320, 325 (Minn.1981).

The goal of review is to determine whether the municipality's action was reasonable. *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 417 (Minn.1981). We examine the record to see if the reasons given by the city council are legally sufficient and supported by the facts. *C.R. Investments, Inc.,* 304 N.W.2d at 325. The record includes relevant evidence received at trial. *Honn,* 313 N.W.2d at 416.

■ One reason cited in the city council resolution is the understanding of the city and the neighboring homeowners that Outlot B would remain open space, based on representations made by the previous developer, Orrin Thompson Homes. We find this reason to be legally insufficient. As a condition of plat approval a city may require that land be dedicated for appropriate municipal purposes such as streets, parks and utility easements. *See* Minn.Stat. §§ 505.01–.1792 (1986). The accepted plat must then be filed with the county so that subsequent buyers know precisely what is required to be set aside for such purposes. *See* Minn.Stat. § 505.04 (1986). The accepted and filed plat of Orrin Thompson Homes' Johnny Cake Ridge 4th Addition does not show that Outlot B has been dedicated to the public. Mere representations made by the prior developer to adjacent homeowners in marketing the property will not support denial of a subsequent developer's plat; the homeowners must seek their remedy privately. *Cf. Odell,* 348 N.W.2d at 797 (restrictive covenants are private matters to be resolved by the parties to the covenant).

■ At the hearing, as its primary reason for denial, the city relied heavily on the fact that the previous developer, Orrin Thompson Homes, had a development contract with the city in which it agreed not to develop more than 152 townhouse units in this plat. We find this reason to be legally insufficient as well. Good Value Homes is not a signatory to the original developer's contract, nor is there evidence that it had actual or constructive knowledge of the contract at the time of purchase. Indeed, at oral argument the city acknowledged that the contract was never filed with the county. Under these circumstances, Good Value Homes cannot be held to the terms of the previous developer's contract with the city.

■ The remaining reasons are unsupported by the evidence in the record. The objections concerning increased density, poor soil conditions, architectural style and lack of utilities are inconsistent with the only evidence before the city council, i.e., the report of the city's own planning and engineering department. That report considered each of these factors and found no basis for denial, nor even any need for additional easements or permits. These factors are typically addressed in the city code, whose requirements were admittedly met by the proposed plat. As to these stated reasons for denial, we agree with the trial court that *Odell* provides the applicable law:

> When a 'subdivision ordinance specifies standards to which a proposed plat must conform, it is arbitrary as a matter of law to deny approval of a plat which complies in all respects with the subdivision ordinance.' *National Capital Corp. v. Village of Inver Grove Heights,* 301 Minn. 335, 337, 222 N.W.2d 550, 552 (1974) (quoting *Hay v. Township of Grow,* 296 Minn. 1, 5, 206 N.W.2d 19, 22 (1973)).

*Odell,* 348 N.W.2d at 796.

Based on a review of the stated reasons, we hold that the city's denial of preliminary approval of Johnny Cake Ridge 5th Addition was arbitrary and capricious. The trial court properly ordered a peremptory writ of mandamus. *See State ex. rel. Lewis v. City Council of City of Minneapolis,* 140 Minn. 433, 434, 168 N.W. 188, 188 (1918), approved in *Minneapolis-Honeywell Regulator Co. v. Nadasdy,* 247 Minn. 159, 161, 76 N.W.2d 670, 673 (1956) (mandamus should issue when a city council's decision is purely arbitrary or based on unlawful grounds).

The trial court's refusal to grant a continuance was not an abuse of discretion. Before the hearing, the city had three weeks to prepare its case. At oral argument it was learned that the city failed to

call witnesses who were present at the hearing. In addition, the city had another three months to supplement its presentation before the peremptory writ was ordered.

### DECISION

Affirmed.